UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 5 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

**ELECTRONIC PRIVACY INFORMATION CENTER**
1718 Connecticut Ave., N.W.
Suite 200
Washington, DC 20009

      **Plaintiff,**

      v.

**U.S. DEPARTMENT OF JUSTICE**
**CRIMINAL DIVISION**
Washington, DC 20530,

**U.S. DEPARTMENT OF JUSTICE**
**NATIONAL SECURITY DIVISION**
Washington, DC 20530,

and

**FEDERAL BUREAU OF INVESTIGATION**
Washington, DC 20535

      **Defendants.**

)
)
)
)
)
)
)
)
)
)

Case: 1:12-cv-00127
Assigned To : Roberts, Richard W.
Assign. Date : 1/25/2012
Description: FOIA/Privacy Act

)
)
)
)
)
)
)
)
)

---

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the Criminal and National Security Divisions of the United States Department of Justice ("DOJ"), and the Federal Bureau of Investigation ("FBI").

2.      This lawsuit challenges the failure of the DOJ Criminal Division, the DOJ National Security Division, and the FBI to disclose documents in response to EPIC's June 23, 2011 Freedom of Information Act ("FOIA") requests to the agencies. EPIC's FOIA requests seek agency records concerning the government's identification and surveillance of individuals who have demonstrated support for or interest in Wikileaks. Defendants have failed to comply with statutory deadlines and have failed to disclose a single record. EPIC asks the Court to order immediate disclosure of all responsive records.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.      Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C.  EPIC's activities include the review of federal activities and policies to determine their possible impacts on civil liberties and privacy interests.  Among its various activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter.  EPIC also maintains two of the most popular Internet privacy web

sites in the world, http://www.epic.org and http://www.privacy.org/, which contain extensive information regarding privacy issues, including information EPIC has obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense,* 241 F. Supp. 2d. 5 (D.D.C. 2003).

5.      Defendant United States Department of Justice Criminal Division is a component of the United States Department of Justice, which is an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ Criminal Division is headquartered in Washington, D.C.

6.      Defendant United States Department of Justice National Security Division  is a component of the United States Department of Justice, which is an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ National Security Division is headquartered in Washington, D.C.

7.      Defendant Federal Bureau of Investigation ("FBI") is a component of the United States Department of Justice, which is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI is headquartered in Washington, D.C., and has field offices throughout the country.

## Facts

### DOJ and FBI are Investigating WikiLeaks and Supporters of WikiLeaks

8.      Wikileaks is a not-for-profit media organization. According to the organization, the goal of Wikileaks is to "bring important news and information to the public." The organization states that "[o]ne of [its] most important activities is to publish original source material alongside [its] news stories so readers and historians alike can see evidence of the truth."

9.      Wikileaks further states that its work is based on "the defence of freedom of speech and media publishing, the improvement of our common historical record and the support of the rights of all people to create new history."

10.     Wikileaks has received several awards for its news reporting, including the 2008 Economist Index on Censorship Freedom of Expression award.

11.     Wikileaks accepts donations from individual contributors to support Wikileaks' "projects, staff, servers and protective infrastructure." Wikileaks is "entirely supported by the general public."

12.     The processing companies included PayPal, Mastercard, and Visa.

13.     Wikileaks hosted Internet content on servers operated by Amazon.com and routed Internet traffic to the site using DNS services provided by EveryDNS pursuant to agreements between Wikileaks and the companies.

14.     In November 2010, Wikileaks published diplomatic cables concerning US foreign policy.

15.     After the November release, the U.S. Government opened investigations into Wikileaks. On November 29, 2010, Attorney General Eric Holder said that the DOJ initiated an "active, ongoing criminal investigation" into the Wikileaks release.

16.     On December 6, 2010, Attorney General Holder said that he authorized "significant" actions related to the Wikileaks investigation.

17.     On November 30, 2010, representatives of the Senate Homeland Security and Governmental Affairs Committee contacted Amazon concerning the company's hosting of Wikileaks' content.

18.     On December 22, 2010, the Central Intelligence Agency announced that the agency had opened an investigation into Wikileaks and the November release.

19.     After the government opened investigations into Wikileaks, web hosts and payment processors terminated their relationships with Wikileaks. On December 1, 2010, Amazon

announced that it had "ceased to host the Wikileaks website."

20.     On December 3, 2010, EveryDNS ceased providing DNS services to Wikileaks.

21.     On December 7, 2010, PayPal vice-president Osama Bedier stated that the company suspended Wikileaks' account following a November 27, 2010 letter from the U.S. State Department.

22.     Mastercard and Visa also suspended Wikileaks' accounts on December 7, 2010.

23.     In the wake of the November release, the U.S. government attempted to identify users who accessed Wikileaks' documents. The federal government also attempted to restrict access to the documents.

24.     On November 30, 2010, a U.S. State Department employee informed the School of International and Public Affairs (SIPA) at Columbia University that SIPA students should not "post links to [the Wikileaks] documents nor make comments on social media sites such as Facebook or through Twitter."

25.     On December 6, 2010, the State Department acknowledged that it had "instructed State Department employees not to access the WikiLeaks site and download posted documents . . . "

26.     On December 14, 2010, the U.S. Air Force barred its personnel from accessing Wikileaks documents.

27.     On January 18, 2011, *The Guardian* reported that WikiLeaks called on Facebook and Google to release the contents of any U.S. subpoenas regarding WikiLeaks that they may have received.

28.     A January 27, 2011 an FBI Press Release stated that the FBI executed more than forty search warrants in the investigation regarding cyber attacks "in protest" of actions of U.S. companies, referring to the activities of WikiLeaks supporters.

29.     A July 19, 2011 Press Release issued by the U.S. Attorney's Office for the Northern

District of California stated that FBI agents arrested sixteen individuals for alleged involvement in a

cyber attack against PayPal "in retribution for PayPal's termination of WikiLeaks' donation

account."

**EPIC Submitted FOIA Requests to DOJ and FBI Regarding the Government's Identification
and Surveillance of WikiLeaks Supporters**

30.     On June 23, 2011, EPIC transmitted, via facsimile, a FOIA request to DOJ Criminal

Division for agency records ("EPIC's FOIA Request").

31.     On June 23, 2011, EPIC transmitted, via certified mail, a FOIA request to DOJ

National Security Division for agency records ("EPIC's FOIA Request").

32.     On June 23, 2011, EPIC transmitted, via facsimile, a FOIA request to FBI for

agency records ("EPIC's FOIA Request").

33.     EPIC's FOIA Requests asked for the following agency records:

   a.  All records regarding any individuals targeted for surveillance for support for or
       interest in WikiLeaks;

   b.  All records regarding lists of names of individuals who have demonstrated
       support for or interest in WikiLeaks;

   c.  All records of any agency communications with Internet and social media
       companies including, but not limited to Facebook and Google, regarding lists of
       individuals who have demonstrated, through advocacy or other means, support
       for or interest in WikiLeaks; and

   d.  All records of any agency communications with financial services companies
       including, but not limited to Visa, MasterCard, and PayPal, regarding lists of
       individuals who have demonstrated, through monetary donations or other means,
       support or interest in WikiLeaks.

34.     EPIC also asked both DOJ components and the FBI to expedite their responses to

EPIC's FOIA requests because they were made by a person primarily engaged in disseminating

information and the requests pertained to a matter about which there was an urgency to inform the

public about an actual or alleged federal government activity.

35.     EPIC made this request pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II). EPIC based the request on the need for the public to obtain information about government surveillance of individuals exercising the rights to freedom of speech and association guaranteed by the First Amendment to the U.S. Constitution.

36.     EPIC also requested "News Media" fee status under the Freedom of Information Act, based on its status as a "representative of the news media."

37.     EPIC further requested waiver of all duplication fees because disclosure of the records requested in EPIC's FOIA Requests would contribute significantly to public understanding of the operations and activities of the government.

## DOJ Criminal Division Failed to Produce Any Documents in Response to EPIC's FOIA Request

38.     On July 18, 2011, the DOJ Criminal Division wrote to EPIC acknowledging receipt of EPIC's FOIA Request, stating that the EPIC request was "broad in scope and d[id] not clearly identify the records" that EPIC was seeking.

39.     The DOJ Criminal Division requested clarification regarding the names of individuals to whom EPIC referred, "including the specific time frames covered by [EPIC's] request, as well as a further description of the specific subject matter related to WikiLeaks" that EPIC sought.

40.     DOJ Criminal Division assigned EPIC's FOIA Request the file number 201100450F.

41.     On August 2, 2011, EPIC responded, via facsimile, to the DOJ Criminal Division's clarification request by referring DOJ to the detailed "Requested Documents" section of EPIC's original request, which pinpointed the specific documents that EPIC sought. EPIC also provided the

specific time frame of November 1, 2010 through the present to cover the dates of the requested documents.

42.     On August 18, 2011, the DOJ Criminal Division responded to EPIC claiming FOIA Exemptions 6 and 7(C) regarding documents requested by EPIC. DOJ admitted that "[they] have not performed a search for records" requested by EPIC.

43.     Through the date of this pleading, the DOJ Criminal Division has not disclosed a single agency record in response to EPIC's FOIA Request.

## DOJ National Security Division Failed to Produce Any Documents in Response to EPIC's FOIA Request

44.     On July 18, 2011, the DOJ National Security Division wrote to EPIC acknowledging EPIC's FOIA Request.

45.     The agency denied the request pursuant to 5 U.S.C. § 552(b)(7)(A), citing the exemption for "information compiled for law enforcement purposes, but only to the extent that the information could reasonably be expected to interfere with enforcement proceedings."

46.     The DOJ National Security Division assigned EPIC's FOIA Request the file number 11-224.

47.     Through the date of this pleading, DOJ National Security Division has not disclosed a single agency record in response to EPIC's FOIA Request.

## FBI Failed to Produce Any Documents in Response to EPIC's FOIA Request

48.     On July 11, 2011, the FBI wrote to EPIC acknowledging receipt of EPIC's FOIA Request.

49.     The FBI stated that the agency's search of the indices of its Central Records System for "Wikileaks" did not return responsive main file records.

50.     The FBI assigned EPIC's FOIA Request the file number 1169306-000.

51.     Through the date of this pleading, FBI has not disclosed a single agency record in response to EPIC's FOIA Request.

### EPIC Filed an Administrative Appeal with DOJ Criminal Division

52.     On October 14, 2011, EPIC transmitted, via certified mail, a written administrative appeal to DOJ Criminal Division ("EPIC's Administrative Appeal to DOJ Criminal Division").

53.     EPIC's Administrative Appeal to the DOJ Criminal Division appealed the DOJ's failure to perform a search for records. EPIC also appealed the DOJ's failure to disclose all reasonably segregable, nonexempt portions of requested records. Finally, EPIC reiterated its request for "news media" fee status.

54.     The DOJ failed to respond to EPIC within twenty days.

### EPIC Filed an Administrative Appeal with DOJ National Security Division

55.     On September 9, 2011, EPIC transmitted, via certified mail, a written administrative appeal to DOJ National Security Division ("EPIC's Administrative Appeal to DOJ National Security Division").

56.     EPIC's Administrative Appeal to the DOJ National Security Division appealed the DOJ's withholding of records in full. EPIC's appeal noted that DOJ had not provided any factual basis for the claim that the withheld documents were actually compiled for law enforcement purposes and that disclosure would interfere with enforcement proceedings. Finally, EPIC reiterated its request for "news media" fee status.

57.     The DOJ failed to respond to EPIC within twenty days.

### EPIC Filed an Administrative Appeal with FBI

58.     On September 8, 2011, EPIC transmitted, via fax, a written administrative appeal to FBI ("EPIC's Administrative Appeal to FBI").

59.     EPIC's Administrative Appeal to FBI appealed the FBI's failure to disclose relevant records in its possession and argued that the FBI had failed to conduct a sufficient search.

60.     EPIC's appeal argued that a single search for the term "Wikileaks" within the main file records of the FBI's Central Records System was insufficient to comply with the requirements of FOIA.

61.     EPIC's appeal noted that information about the FBI's investigation of WikiLeaks supporters appeared on the FBI web site, and that the original FOIA request had suggested additional search terms in its FOIA request, including "Julian Assange," Rop Gonggrijp," and "David House."

62.     EPIC reiterated its request for "news media" fee status.

63.     The FBI failed to respond to EPIC within twenty days.

## Count I

## Violation of FOIA: Failure to Comply With Statutory Deadlines (Against DOJ Criminal Division)

64.     Paragraphs 1-63 above are hereby incorporated by reference as if set forth fully herein.

65.     As described above, Defendant DOJ Criminal Division violated FOIA by failing to respond to EPIC's appeal within the twenty day time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii).

66.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

67.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Count II

**Violation of FOIA: Failure to Make Reasonable Efforts to Search for Responsive Records**
**(Against DOJ Criminal Division)**

68.     Paragraphs 1-67 above are hereby incorporated by reference as if set forth fully herein.

69.     As described above, Defendant DOJ Criminal Division's failure to make reasonable efforts to search for responsive documents violates FOIA, 5 U.S.C. § 552(a)(3)(C).

70.     There is no basis for Defendant's failure to make reasonable efforts to search for responsive records.

71.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

72.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Count III**
**Violation of FOIA: Unlawful Withholding of Agency Records (Against DOJ Criminal Division)**

73.     Paragraphs 1-72 above are hereby incorporated by reference as if set forth fully herein.

74.     As described above, Defendant DOJ Criminal Division's August 18, 2011 letter to EPIC violates FOIA, 5 U.S.C. § 552(a)(3)(A), by seeking to withhold agency records under Exemptions 6 and 7(C), without making reasonable efforts to search for responsive documents and without identifying the documents, establishing a factual basis for withholding under Exemptions 6 and 7(C), or performing a sufficient segregability analysis.

75.     Defendant's reliance on Exemptions 6 and 7(C) has no basis in law or fact.

76.     As described above, Defendant has failed to comply with statutory deadlines and failed to make reasonable efforts to search for responsive documents.

11

77.     As a result of Defendant's unlawful delay and failure to conduct a reasonable search, Defendant has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

78.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

79.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Count IV
### Violation of FOIA: Failure to Classify EPIC as a Representative of the News Media for Purposes of Assessing Processing Fees (Against DOJ Criminal Division)

80.     Paragraphs 1-79 above are hereby incorporated by reference as if set forth fully herein.

81.     As described above, DOJ Criminal Division has constructively denied EPIC's request for "news media" fee status in violation of FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

82.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

83.     EPIC is entitled to "news media" fee status for the purpose of EPIC's FOIA Requests and the waiver of all duplication fees.

### Count V
### Violation of FOIA: Failure to Comply With Statutory Deadlines (Against DOJ National Security Division)

84.     Paragraphs 1-83 above are hereby incorporated by reference as if set forth fully herein.

85.     As described above, Defendant DOJ National Security Division violated FOIA by failing to respond to EPIC's appeal within the twenty day time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii).

86.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

87.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Count VI
## Violation of FOIA: Unlawful Withholding of Agency Records (Against DOJ National Security Division)

88.     Paragraphs 1-87 above are hereby incorporated by reference as if set forth fully herein.

89.     As described above, Defendant DOJ National Security Division's July 18, 2011 letter to EPIC violates FOIA, 5 U.S.C. § 552(a)(3)(A), by seeking to withhold agency records under Exemption 7(A) without identifying the documents, establishing a factual basis for withholding under Exemption 7(A), or establishing that the documents contained no reasonably segregable factual information.

90.     Defendant's reliance on Exemption 7(A) has no basis in law or fact.

91.     As described above, Defendant has failed to comply with statutory deadlines.

92.     As a result of Defendant's unlawful delay, Defendant has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

93.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

94.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Count VII
## Violation of FOIA: Failure to Classify EPIC as a Representative of the News Media for

**Purposes of Assessing Processing Fees (Against DOJ National Security Division)**

95.     Paragraphs 1-94 above are hereby incorporated by reference as if set forth fully herein.

96.     As described above, DOJ National Security Division has constructively denied EPIC's request for "news media" fee status in violation of FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

97.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

98.     EPIC is entitled to "news media" fee status for the purpose of EPIC's FOIA Requests and the waiver of all duplication fees.

**Count VIII**
**Violation of FOIA: Failure to Comply With Statutory Deadlines (Against FBI)**

99.     Paragraphs 1-98 above are hereby incorporated by reference as if set forth fully herein.

100.    As described above, Defendant FBI violated FOIA by failing to respond to EPIC's appeal within the twenty day time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii).

101.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

102.    EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Count IX**
**Violation of FOIA: Failure to Make Reasonable Efforts to Search for Responsive Records (Against FBI)**

103.    Paragraphs 1-102 above are hereby incorporated by reference as if set forth fully herein.

104.    As described above, Defendant FBI's failure to make reasonable efforts to search for

14

responsive documents violates FOIA, 5 U.S.C. § 552(a)(3)(C).

105.    There exists no basis for Defendant's failure to make reasonable efforts to search for responsive records.

106.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

107.    EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Count X
### Violation of FOIA: Unlawful Withholding of Agency Records (Against FBI)

108.    Paragraphs 1-107 above are hereby incorporated by reference as if set forth fully herein.

109.    As described above, FBI has failed to comply with statutory deadlines and failed to make reasonable efforts to search for responsive documents.

110.    As a result of FBI's unlawful delay and failure to conduct a reasonable search, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

111.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

112.    EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Count XI
### Violation of FOIA: Failure to Classify EPIC as a Representative of the News Media for
### Purposes of Assessing Processing Fees (Against FBI)

113.    Paragraphs 1-112 above are hereby incorporated by reference as if set forth fully herein.

114.    As described above, FBI has constructively denied EPIC's request for "news media" fee status in violation of FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

115.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

116.    EPIC is entitled to "news media" fee status for the purpose of EPIC's FOIA Requests and the waiver of all duplication fees.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.    order all Defendants to conduct a reasonable search for all responsive records;

B.    order all Defendants to promptly disclose all responsive agency records, and make copies available to Plaintiff;

C.    order all Defendants to recognize Plaintiff's "news media" fee status for the purpose of EPIC's FOIA Requests, waive all duplication fees, and disclose all responsive agency records without charge;

D.    order all Defendants to grant Plaintiff's request for expedited processing;

E.    award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.    grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By: _____

Ginger McCall, Esquire (DC Bar # 1001104)
John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
David Jacobs**
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated:  January 25, 2012

**Bar membership pending in NY