## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:12-00127-RWR ) |
| U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, U.S. DEPARTMENT OF JUSTICE NATIONAL SECURITY DIVISION, and FEDERAL BUREAU OF INVESTIGATION | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

### DEFENDANTS' ANSWER

Defendants U.S. Department of Justice Criminal Division, National Security Division,

and the Federal Bureau of Investigation, through undersigned counsel, hereby answer Plaintiff's

Complaint for Injunctive Relief in the captioned matter as follows:

The FOIA request that is the subject of this lawsuit may implicate certain information

that is protected from disclosure by one or more statutory exemptions. Disclosure of such

information is not required.

In response to the numbered paragraphs of the complaint, Defendants admit, deny, or

otherwise respond as follows:

1.      This paragraph sets forth Plaintiff's characterization of this action, to which no

response is required. To the extent a response is deemed required, the paragraph is admitted.

2.      The first and fourth sentences of this paragraph set forth Plaintiff's

characterization of this action, to which no response is required. To the extent a response is

deemed required, the sentences are admitted.  The second sentence of this paragraph constitutes

Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a

response is deemed required, Defendants respectfully refer the Court to that request, which

speaks for itself.  Defendants deny the third sentence, except to admit that they have not

disclosed documents in response to Plaintiff's FOIA request.

3.      This paragraph consists of legal conclusions, to which no response is required.

To the extent a response is deemed required, the paragraph is denied.

4.      Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in the first through fifth sentences of this paragraph.  The sixth sentence

constitutes Plaintiff's characterization of a decision of this Court, to which no response is

required.  To the extent a response is deemed required, Defendants respectfully refer the Court to

that decision, which speaks for itself.

5-7.    Admitted.

8-13.   Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in these paragraphs.  Moreover, while several allegations in these

paragraphs appear to be quotes, Plaintiff does not identify the source of the quotations.

14.     Defendants deny this paragraph, except to admit that in November 2010,

WikiLeaks published documents that it contended were diplomatic cables.

15.     Defendants deny this paragraph, except to admit that, on November 29, 2010,

Attorney General Eric Holder stated that there was an active criminal investigation into the

potential unauthorized release of classified information.

16.     Admitted.

17-26.  Defendants lack knowledge or information sufficient to admit or deny the allegation contained in these paragraphs.

27.      This paragraph constitutes Plaintiff's characterization of a report contained in *The Guardian*, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the report in *The Guardian*, which speaks for itself.

28.      This paragraph constitutes Plaintiff's characterization of  a press release issued by the FBI, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the press release, which speaks for itself.

29.      This paragraph constitutes Plaintiff's characterization of  a press release issued by the U.S. Attorney's Office for the Northern District of California, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the press release, which speaks for itself.

30.      This paragraph is denied, insofar as it sets forth Plaintiff's characterization of its FOIA request, except that Defendant admits that, on June 23, 2011, Plaintiff transmitted, via facsimile, a FOIA request to the Criminal Division.

31.      This paragraph is denied, insofar as it sets forth Plaintiff's characterization of its FOIA request, except that Defendant admits that, on June 23, 2011, Plaintiff transmitted, via facsimile, a FOIA request to the National Security Division.

32.      This paragraph is denied, insofar as it sets forth Plaintiff's characterization of its FOIA request, except that Defendant admits that, on June 23, 2011, Plaintiff transmitted, via facsimile, a FOIA request to the FBI.

33-37.   These paragraphs set forth Plaintiff's characterization of its FOIA request, and the matters described therein, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's request, which speaks for itself.

38-40.   Admitted.

41.   The first sentence of this paragraph is denied, except to admit that Plaintiff responded to the Criminal Division's request for clarification by facsimile on August 2, 2011, and in that response EPIC referred to the "Requested Documents" section of its request. Defendants admit the second sentence.

42.   This paragraph sets forth an incomplete characterization of the Criminal Division's letter of August 18, 2011, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter, which speaks for itself.

43-44.   Admitted.

45.   Admitted.  Defendants further aver that the National Security Division's response indicated that "[t]he citation of [5 U.S.C. § 552(b)(7)(A)] is not to be construed as the only exemption which may be available under the Freedom of Information Act."

46-52.   Admitted.

53.   This paragraph set forth Plaintiff's characterization of its administrative appeal, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's administrative appeal, which speaks for itself.

54-55.   Admitted.

56.   This paragraph set forth Plaintiff's characterization of its administrative appeal, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's administrative appeal, which speaks for itself.

57-58.  Admitted

59.     This paragraph set forth Plaintiff's characterization of its administrative appeal, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's administrative appeal, which speaks for itself.

60.     Admitted.

61.     This paragraph is denied, except to admit that EPIC's appeal to the FBI claimed that the FBI's web site contained press releases that, according to EPIC, "are evidence of an ongoing FBI investigation of WikiLeaks supporters."  Defendants deny that EPIC's FOIA request suggested particular search terms.

62-63.  Admitted.

64.     Defendants incorporate by reference their response to paragraphs 1 through 63.

65-67.  These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the paragraphs are denied.

68.     Defendants incorporate by reference their response to paragraphs 1 through 67.

69-72.  These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the paragraphs are denied.

73.     Defendants incorporate by reference their response to paragraphs 1 through 72.

74-79.  These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the paragraphs are denied.

80.     Defendants incorporate by reference their response to paragraphs 1 through 79.

81-83.  These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the paragraphs are denied.

84.     Defendants incorporate by reference their response to paragraphs 1 through 83.

85-87.  These paragraphs consist of legal conclusions, to which no response is  required.

To the extent a response is deemed required, the paragraphs are denied.

88.     Defendants incorporate by reference their response to paragraphs 1 through 87.

89-94.  These paragraphs consist of legal conclusions, to which no response is required.

To the extent a response is deemed required, the paragraphs are denied.

95.     Defendants incorporate by reference their response to paragraphs 1 through 94.

96-98.  These paragraphs consist of legal conclusions, to which no response is required.

To the extent a response is deemed required, the paragraphs are denied.

99.     Defendants incorporate by reference their response to paragraphs 1 through 98.

100-102.      These paragraphs consist of legal conclusions, to which no response is

required.  To the extent a response is deemed required, the paragraphs are denied.

103.    Defendants incorporate by reference their response to paragraphs 1 through 102.

104-107.      These paragraphs consist of legal conclusions, to which no response is

required.  To the extent a response is deemed required, the paragraphs are denied.

108.    Defendants incorporate by reference their response to paragraphs 1 through 107.

109-112.      These paragraphs consist of legal conclusions, to which no response is

required.  To the extent a response is deemed required, the paragraphs are denied.

113.    Defendants incorporate by reference their response to paragraphs 1 through 112.

114-116.      These paragraphs consist of legal conclusions, to which no response is

required.  To the extent a response is deemed required, the paragraphs are denied.

The remainder of Plaintiff's complaint consists of a prayer for relief, to which no

response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff

is entitled to the requested relief or to any relief whatsoever.

Any other allegation not expressly responded to, including the statements made in the unnumbered section headings of Plaintiffs' complaint, is hereby denied.

WHEREFORE, having fully answered Plaintiff's complaint, Defendants pray for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Dated: March 23, 2012. Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Scott Risner*
SCOTT RISNER (MI Bar No. P70762)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 514-2395
Fax: (202) 616-8470
Email: scott.risner@usdoj.gov

Counsel for Defendants