UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 1:12-cv-00127 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MEET AND CONFER STATEMENT**

　　　　Pursuant to the Court's Order on May 15, 2012, Plaintiff Electronic Privacy Information Center ("EPIC") and Defendants United States Department of Justice Criminal Division ("DOJ Criminal Division"), United States Department of Justice National Security Division ("DOJ National Security Division"), and Federal Bureau of Investigation ("FBI") have conferred and hereby jointly submit the following status report and state as follows:

　　　　1.　　Plaintiff filed this Freedom of Information Act ("FOIA") lawsuit on January 25, 2012. Defendants filed their answer on March 23, 2012. On May 15, 2012, the Court required the parties to file this joint statement.

　　　　2.　　This lawsuit concerns FOIA requests made by EPIC on June 23, 2011 for:

　　　　　　a.　All records regarding any individuals targeted for surveillance for support for or interest in WikiLeaks;

　　　　　　b.　All records regarding lists of names of individuals who have demonstrated support for or interest in WikiLeaks;

　　　　　　c.　All records of any agency communications with Internet and social media companies including, but not limited to Facebook and Google, regarding lists of

1

        individuals who have demonstrated, through advocacy or other means, support for or interest in WikiLeaks; and

    d.    All records of any agency communications with financial services companies including, but not limited to Visa, MasterCard, and PayPal, regarding lists of individuals who have demonstrated, through monetary donations or other means, support or interest in WikiLeaks.

3.    The requests were sent to the DOJ Criminal Division, the DOJ National Security Division, and the FBI.

4.    The parties disagree as to the proposed schedule.  LCvR 16.3(c)(6).

5.    Defendants believe that this case should proceed with them moving for summary judgment on their assertion of Exemption 7(A), which they anticipate asserting with respect to all responsive documents, without waiving the right to assert other applicable exemptions.

    a.    Plaintiff's complaint recognizes that, on November 29, 2010, Attorney General Eric Holder stated that there was an active criminal investigation into the potential unauthorized release of classified information.  *See* Compl. ¶ 15; Answer ¶ 15.  Defendants believe that virtually all, if not all, of the documents responsive to Plaintiff's requests are exempt from disclosure under Exemption 7(A), which encompasses law enforcement records whose release "could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A).  The application of Exemption 7(A) is thus a threshold issue that Defendants expect will resolve the case in its entirety.  Because withholdings under Exemption 7(A) may be done on a category-by-category basis, *see NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223 (1978), Defendants can more quickly prepare a summary judgment motion that is limited to Exemption 7(A).

    b.    While numerous other exemptions will also apply to particular responsive documents, requiring Defendants to assert those exemptions at the same time will delay this case

2

and likely waste the resources of the parties and the Court. The line-by-line review that will be required for Defendants' assertion of other exemptions, such as Exemption 1 (pertaining to classified information), will require substantially more time. Allowing Defendants to brief Exemption 7(A), without waiving other exemptions in the event Exemption 7(A) is rejected in whole or in part, is thus an efficient use of resources and will likely expedite adjudication. Moreover, the approach is wholly proper under the FOIA. *See, e.g.*, *Al-Fayed v. CIA*, Case No. 00-cv-02092-CKK (D.D.C.), Dkt. 76 (granting motion for leave to address Exemption 7(A) first); *Ciralsky v. CIA*, Case No. 00-cv-01709-RWR (D.D.C.), Order of Aug. 8, 2005 (granting motion for leave to address Exemption 1 first).

    c. Defendants have discussed this proposal with Plaintiff, who does not agree to it.[1] Defendants thus ask that they be permitted to file a motion asking for leave and setting forth the reasons why it is necessary and desirable that they be permitted to seek summary judgment on Exemption 7(A) as a threshold matter. Because that motion will include a supporting declaration, likely filed *in camera* and *ex parte*, Defendants propose the following schedule:

    Defendants' motion for leave to address 7(A) first: June 25, 2012.

    Plaintiff's opposition: July 9, 2012.

    Defendants' reply: July 18, 2012.

If the Court deems such a motion unnecessary, and enters a schedule allowing Defendants to address Exemption 7(A) as a threshold exemption, then Defendants are currently prepared to proceed with briefing on the schedule proposed below by Plaintiff, in which Defendants' motion for

---

[1] The Plaintiff's opposition is based in part on its assumption that, if Defendants are permitted to assert Exemption 7(A) while preserving other exemptions, there would be no judicial review of the adequacy of Defendants' searches. Defendants do not ask the Court to waive their burden on that issue. Defendants contend that the adequacy of the searches can and should be resolved when Defendants move for summary judgment.

summary judgment would be due July 16, 2012.[2]

If, however, the Court denies leave and requires the assertion of all applicable exemptions at one time, then Defendants will need significantly more time in order to process the request, complete the line-by-line review required by other exemptions, and prepare its dispositive motion. Because Defendants are unable at this point in their processing to say when they could file such a motion, Defendants would ask that the parties be required to file a status report within 30 days of the denial of Defendants' motion for leave.

6. EPIC proposes that the Court establish concrete deadlines for the production of documents and the filing of dispositive motions. EPIC further proposes that all issues be briefed in the parties' dispositive motions as this matter necessarily raises issues beyond the applicability of a particular. EPIC plans to challenge, for example, the DOJ Criminal Division's failure to perform a search for records and to disclose all reasonably segregable, nonexempt portions of requested records. EPIC also plans to challenge the sufficiency of the FBI's search for records. Other matters will also be briefed in EPIC's dispositive motions. Thus, EPIC proposes that the Court set the following deadlines:

| | |
|---|---|
| Defendant's Complete Production of Documents and Vaughn Index: | June 30, 2012 |
| Defendant's Motion for Summary Judgment: | July 16, 2012 |
| Plaintiff's Opposition and Cross-Motion for Summary Judgment: | August 15, 2012 |
| Defendant's Reply and Opposition: | August 30, 2012 |
| Plaintiff's Reply: | September 14, 2012 |

a. The Defendant's proposed schedule would substantially delay this lawsuit and cuts against judicial economy. The D.C. Circuit has "plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time," *Maydak v.*

---

[2] There is, however, no basis for requiring production of Vaughn index prior to the summary judgment motion.

4

*U.S. Dept. of Justice, 218 F.3d 760, 764-65 (D.C. Cir. 2000),* because the delay caused by permitting the government to raise its FOIA exemption claims one at a time interferes both with the statutory goals of "efficient, prompt, and full disclosure of information," *Id.* at 764. Judicial finality and economy have "special force in the FOIA context, because the statutory goals-efficient, prompt, and full disclosure of information-can be frustrated by agency actions that operate to delay the ultimate resolution of the disclosure request." *August v. Fed. Bureau of Investigation, 328 F.3d 697, 699 (D.C. Cir. 2003).*

        b.        Defendant relies on two recent court orders granting *unopposed* motions to address single exemptions as threshold issues. The fact that these motions were unopposed is an important distinction. EPIC does not consent to briefing Exemption 7(a) exclusively, because this would effectively forfeit EPIC's statutory right to obtain judicial review regarding other issues, particularly the sufficiency of the Criminal Division and FBI's searches. EPIC is entitled to a review of these matters before the court. The adequacy of an agency's search directly implicates the statutory provisions at issue in this matter and cannot be resolved solely by a determination on a particular exemption claim.

7.       The parties agree that this action will be resolved by dispositive motions.

8.       The parties do not consent to the transfer of this case to a United States Magistrate Judge.

9.       In the event that the parties are able to resolve or further limit the issues before the Court, the parties will promptly inform the Court and propose any appropriate modifications to the schedule.

10.      In light of the Parties disagreement reflected in paragraphs 5-6, two proposed orders are attached.

Date: May 24, 2012                                       Respectfully submitted,

*/s/ Ginger P. McCall*                                   STUART F. DELERY
GINGER P. MCCALL (DC Bar# 1001104)                       Acting Assistant Attorney General
MARC ROTENBERG (DC Bar # 422825)                         ELIZABETH J. SHAPIRO
DAVID JACOBS (admission pending NY)                      Deputy Branch Director
ELECTRONIC PRIVACY INFORMATION CENTER                    Federal Programs Branch
1718 Connecticut Avenue, N.W.
Suite 200                                                */s/ Scott Risner*
Washington, D.C. 20009                                   SCOTT RISNER (MI Bar No. P70762)
Telephone: (202) 483-1140                                Trial Attorney, U.S. Department of Justice
Fax: (202) 483-1248                                      Civil Division, Federal Programs Branch
Email: mccall@epic.org                                   20 Massachusetts Ave N.W.
                                                         Washington, D.C. 20001
Attorneys for Plaintiff                                  Telephone: (202) 514-2395
                                                         Fax: (202) 616-8470
                                                         Email: scott.risner@usdoj.gov

                                                         Attorneys for Defendants