**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 12-cv-00127 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h), Defendants submit this statement of material facts as to which Defendants contend there is no genuine dispute:

1. In November 2010, the Attorney General announced that the Department of Justice was conducting a criminal investigation into the possible disclosure of classified information that was published on the website of the organization WikiLeaks. Bradley Decl. (Ex. 3) ¶ 13.

2. On approximately June 23, 2011, Plaintiff Electronic Privacy Information Center ("EPIC") submitted FOIA requests to three Department of Justice components: the Federal Bureau of Investigation ("FBI"), the National Security Division ("NSD"), and the Criminal Division. Hardy Decl. (Ex. 1) ¶ 6; Bradley Decl. (Ex. 3) ¶ 4; Cunningham Decl. (Ex. 5) ¶ 6.

3. The FOIA requests seek records related to the Government's investigation into the unauthorized disclosure of classified information. Specifically, the requests seek:

   a. All records regarding any individuals targeted for surveillance for support for or interest in WikiLeaks;

    b. All records regarding lists of names of individuals who have demonstrated support for or interest in WikiLeaks;

    c. All records of any agency communications with Internet and social media companies including, but not limited to Facebook and Google, regarding lists of individuals who have demonstrated, through advocacy or other means, support for or interest in WikiLeaks; and

    d. All records of any agency communications with financial services companies including, but not limited to Visa, MasterCard, and PayPal, regarding lists of individuals who have demonstrated, through monetary donations or other means, support or interest in WikiLeaks.

Hardy Decl. (Ex. 1) ¶ 6; Bradley Decl. (Ex. 3) ¶ 4; Cunningham Decl. (Ex. 5) ¶ 6.

### EPIC's FOIA Request to the FBI

4. After receiving the request, the FBI conducted a search for responsive documents. Hardy Decl. (Ex. 1) ¶¶ 17-19.

5. The FBI conducted its search using the Central Records System (CRS), which is a comprehensive system that includes administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. *Id.* ¶¶ 11, 17-19. The FBI determined that its search of the CRS was likely to locate any responsive documents. *Id.*

6. The FBI determined that all of the responsive records within its possession or control are protected from disclosure under Exemption 7(A). *Id.* ¶ 20. The FBI further determined that certain information is also protected by Exemptions 1, 3, 5, 6, 7(C), 7(D), 7(E), and 7(F). *Id.* ¶ 39.

### EPIC's FOIA Request to NSD

7. After receiving the request, NSD determined that the Counterespionage Section ("CES") was the only location within NSD that was reasonably likely to possess responsive records. Bradley Decl. (Ex. 3) ¶ 9. NSD further determined that any potentially responsive

records would exist within the electronic files of the lead CES attorney assigned to the matter, and NSD reviewed those documents in order to identify responsive records. *Id.*

8.  NSD determined that all of the responsive records within its possession or control are protected from disclosure under Exemption 7(A). *Id.* ¶ 10. NSD further determined that certain information is also protected by Exemptions 1, 3, 5, 6, 7(C), and 7(D). *Id.*

### EPIC's FOIA Request to the Criminal Division

9.  After receiving the request, the Criminal Division determined that its entities that were likely to have responsive documents were the Computer Crimes and Intellectual Property Section ("CCIPS") and the Office of International Affairs ("OIA"). Cunningham Decl. (Ex. 5) ¶ 10. Those entities conducted searches by employing a variety of search terms that the Criminal Division determined were likely to locate any responsive records. *Id.*

10. The Criminal Division determined that all of the responsive records within its possession or control are protected from disclosure under Exemption 7(A). *Id.* ¶ 11. The Criminal Division further determined that certain information is also protected by Exemptions 3, 5, 6, 7(C), and 7(D). *Id.*

### Withholdings Under Exemption 7(A)

11. Each component determined that all of the responsive records must be withheld pursuant to Exemption 7(A). Hardy Decl. (Ex. 1) ¶ 20; Bradley Decl. (Ex. 3) ¶ 10; Cunningham Decl. (Ex. 5) ¶ 11.

12. Each component determined that all of the responsive records were compiled for law enforcement purposes because the documents are part of the investigative file pertaining to the Department of Justice's ongoing investigation into the unauthorized disclosure of classified

information. Hardy Decl. (Ex. 1) ¶ 23; Bradley Decl. (Ex. 3) ¶ 13; Cunningham Decl. (Ex. 5) ¶ 12. Such an investigation concerns criminal conduct and threats to national security. *Id.*

13. Each component determined that the disclosure of responsive records could reasonably be expected to interfere with the ongoing investigation. Hardy Decl. (Ex. 1) ¶¶ 27-38; Bradley Decl. (Ex. 3) ¶¶ 11-16; Cunningham Decl. (Ex. 5) ¶¶ 11-19. The components have provided declarations that describe the responsive records in functional categories that connect the nature of the documents to the interference that disclosure could cause to the investigation. *Id.*

14. Each component has determined that the disclosure of certain responsive records would identify potential witnesses and other individuals who have cooperated with the investigation, which would subject those individuals to retaliation, intimidation, or physical or mental harm. Hardy Decl. (Ex. 1) ¶ 30; Bradley Decl. (Ex. 3) ¶ 15(c); Bradley *Ex Parte* Decl. (Ex. 4) ¶¶ 8-9; Cunningham Decl. (Ex. 5) ¶ 17.

15. Each component has determined that the disclosure of certain responsive records would reveal documentary evidence or other information gathered in the course of the investigation, which would undermine pending or prospective prosecutions by revealing the scope and focus of the investigation, thereby revealing to targets the scope of the Government's evidence against them and the investigative techniques that have been employed. Hardy Decl. (Ex. 1) ¶ 32; Bradley Decl. (Ex. 3) ¶ 8(b); Cunningham Decl. (Ex. 5) ¶ 17.

16. Each component has determined that the disclosure of certain responsive records would identify the subjects of, and persons of investigative interest to, the investigation. Hardy Decl. (Ex. 1) ¶ 32; Bradley Decl. (Ex. 3) ¶ 8(a); Cunningham Decl. (Ex. 5) ¶ 17. Such disclosure would enable those persons to change their behavior, alter or destroy evidence, and intimidate

potential witnesses, in ways that could permit them to evade detection and continue to violate the law. *Id.*

## Withholdings Under Exemption 1

17. FBI and NSD personnel who are authorized to classify national security information have determined that certain responsive information must be withheld because it is properly classified pursuant to the requirements of Executive Order 13526. Hardy Decl. (Ex. 1) ¶¶ 2, 44; Bradley Decl. (Ex. 3) ¶¶ 2,19.

18. The FBI and NSD have determined that the information at issue is owned by and under the control of the United States. Hardy Decl. (Ex. 1) ¶ 44; Bradley Decl. (Ex. 3) ¶ 19.

19. The FBI has determined that certain information is subject to sections 1.4(b) of Executive Order 13526 because it concerns foreign government information. Hardy Decl. (Ex. 1) ¶¶ 45-51. The FBI has determined that the release of this information would identify foreign governments and reveal the information provided by those governments in confidence, which would harm the relationship and cooperative endeavors between the foreign governments and the FBI. *Id.* ¶ 50(A).

20. The FBI and NSD have determined that certain information is subject to section 1.4(c) of Executive Order 13526 because it concerns intelligence activities, sources, or methods. Hardy Decl. (Ex. 1) ¶ 52; Bradley Decl. (Ex. 3) ¶ 20. The FBI and NSD have determined that the release of this information would reveal actual intelligence activities and methods used by the Government, which could reveal specific targets of the investigation and allow hostile entities to develop countermeasures that would disrupt the use of those activities and methods. *Id.*

21. The FBI has determined that certain information is subject to sections 1.4(d) of Executive Order 13526 because its release would impair U.S. government relations with foreign

governments by disclosing sensitive intelligence information gathered by the United States either about or from a foreign country. Hardy Decl. (Ex. 1) ¶¶ 74-75.

### Withholdings Under Exemption 3

22. Each component has withheld information under Exemption 3 after determining that the information is specifically exempted from disclosure by statute. Hardy Decl. (Ex. 1) ¶ 79; Bradley Decl. (Ex. 3) ¶ 22; Cunningham Decl. (Ex. 5) ¶ 22.

23. Defendants cannot publicly identify the statute(s) that require(s) nondisclosure or provide further information about the withheld information. Hardy Decl. (Ex. 1) ¶ 79; Bradley Decl. (Ex. 3) ¶ 22; Cunningham Decl. (Ex. 5) ¶ 22. Additional information is provided in Defendants' *ex parte* declarations. Hardy *Ex Parte* Decl. (Ex. 2) ¶¶ 9-12; Bradley *Ex Parte* Decl. (Ex. 4) ¶¶ 10-12; Cunningham *Ex Parte* Decl. (Ex. 6) ¶ 6-9.

### Withholdings Under Exemption 5

24. Each component has withheld materials that constitute attorney work product. Hardy Decl. (Ex. 1) ¶ 82; Bradley Decl. (Ex. 3) ¶ 24; Cunningham Decl. (Ex. 5) ¶ 25. The FBI's declaration explains that it withheld materials and communications created by Government attorneys "in relation to the pending prosecution of PFC Bradley Manning " and "in anticipation of potential other prosecutions arising out of the pending investigations into the disclosure of classified information that was subsequently published on the WikiLeaks website." Hardy Decl. (Ex. 1) ¶ 82. The Criminal Division's declaration explains that the component withheld "materials created by Criminal Division and other Department attorneys . . . that reflect the sorting and assembling of factual information, as well as the underlying legal analyses and recommendations of DOJ attorneys about how best to prosecute an ongoing matter." Cunningham Decl. (Ex. 5) ¶ 25. NSD's declaration explains that it withheld e-mail messages

and memoranda between attorneys at NSD and other DOJ components concerning potential prosecutions, such as an e-mail from an NSD lawyer providing the lawyer's impressions about the investigation. Bradley Decl. (Ex. 3) ¶ 24.

25.     The FBI withheld materials protected by the attorney-client privilege, including "communications between and among FBI counsel and their FBI clients and employees that reflect the seeking and/or providing of legal advice with respect to aspects of the ongoing investigations and related pending prospective prosecutions." Hardy Decl. (Ex. 1) ¶ 84.

26.     Each component withheld materials protected by the deliberative process privilege. These materials include drafts of affidavits, pleadings, and memoranda that were created as part of the investigation. Cunningham Decl. (Ex. 5) ¶ 29. They also include materials that reflect the decision-making process among agency officials regarding the scope and focus of the pending investigation. Hardy Decl. (Ex. 1) ¶ 87; Bradley Decl. (Ex. 3) ¶ 26; Cunningham Decl. (Ex. 5) ¶ 29.

### Withholdings Under Exemptions 6 and 7(C)

27.     Each component withheld information under Exemption 6 and 7(C). Hardy Decl. (Ex. 1) ¶¶ 90-102; Bradley Decl. (Ex. 3) ¶¶ 27-34; Cunningham Decl. (Ex. 5) ¶¶ 30-34. All information withheld under one exemption has also been withheld under the other. Hardy Decl. (Ex. 1) ¶ 90 n.8; Bradley Decl. (Ex. 3) ¶ 30; Cunningham Decl. (Ex. 5) ¶ 31.

28.     This material includes the names and identifying information of law enforcement personnel involved in the investigation, individuals who provided information to the Government as part of the investigation, and individuals who are considered to be persons of investigative interest. Hardy Decl. (Ex. 1) ¶¶ 90-102; Bradley Decl. (Ex. 3) ¶¶ 27-34; Cunningham Decl. (Ex. 5) ¶¶ 30-34.

29.     In withholding information under Exemptions 6 and 7(C), the components each determined that the privacy interest of the concerned individuals outweighs the public interest in disclosure. *Id.*.

## Withholdings Under Exemption 7(D)

30.     Each component has withheld information under Exemption 7(D) after determining that its release could reasonably be expected to disclose the identity of a confidential source. Hardy Decl. (Ex. 1) ¶ 103; Bradley Decl. (Ex. 3) ¶ 35; Cunningham Decl. (Ex. 5) ¶ 35.

31.     Confidential sources are an integral part of law enforcement investigations, including investigations concerning national security matters, and it is essential that the Government be able to maintain the confidentiality of those sources' identities. Bradley Decl. (Ex. 3) ¶ 36. Assurances of confidential can be expressed or implied. *Id.*

32.     Each component has determined that it must withhold certain records because their disclosure would reveal the identities of individuals and entities who provided information to the investigation with an expectation of confidence. Hardy Decl. (Ex. 1) ¶¶ 107-11; Hardy *Ex Parte* Decl. (Ex. 2) ¶¶ 13-25; Bradley Decl. (Ex. 3) ¶ 36; Cunningham Decl. (Ex. 5) ¶¶ 37-42.

## Withholdings Under Exemption 7(E)

33.     The FBI has withheld information under Exemption 7(E), after determining that disclosure would reveal techniques and procedures that have been used by FBI Special Agents in the course of the investigation at issue here. Hardy Decl. (Ex. 1) ¶¶ 113-14.

34.     The FBI has determined that the release of such information could enable subjects of this and other investigations to circumvent similar techniques and procedures, which would frustrate the Government's investigations and allow the individuals to continue to violate the law. *Id.*

Withholdings Under Exemption 7(F)

35.     The FBI has withheld information under Exemption 7(F), often in conjunction with the assertion of Exemptions 6 and 7(C).  Hardy Decl. (Ex. 1) ¶ 118.

36.     The FBI invokes this exemption to protect the identities of FBI personnel, other government employees, and other individuals.  who have cooperated with or participated in the investigations.  *Id.*  The FBI has determined that, because Government employees have been threated or harassed  on account of their work on these cases in the past, the FBI can reasonably expect that the disclosure of their identities now could endanger their lives or safety.

Dated: January 31, 2013.                    Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

 */s/ Scott Risner*
SCOTT RISNER (MI Bar No. P70762)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2395
Fax: (202) 616-8470
Email: scott.risner@usdoj.gov

Counsel for Defendants