**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-cv-00127 (RWR) |
| U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE *EX PARTE* AND *IN CAMERA* EXHIBITS CONCERNING WITHHOLDING OF INVESTIGATIVE RECORDS**

Defendants submit this reply memorandum in support of their motion for leave to file three declarations *ex parte* and *in camera* in connection with their motion for summary judgment. Plaintiffs' opposition is without merit, and Defendants' motion should be granted.

**I.     Because All Responsive Documents Were Properly Withheld Pursuant to Exemption 7(A), the Court Need Not Reach the Issue of *Ex Parte* Filings In Order to Enter Summary Judgment for Defendants**

As an initial matter, it is worth noting that the Court should not even need to consider Defendants' *ex parte* declarations in order to grant summary judgment in this case. Each component's public declaration has explained that all responsive documents have been properly withheld pursuant to Exemption 7(A) because their disclosure could reasonably be expected to interfere with the Government's ongoing investigation into the possible disclosure of classified information. The basis for Defendants' assertion of Exemption 7(A) has been supported with thorough discussions in the public declarations. *See* Hardy Decl. (Ex. 1) ¶¶ 22-38; Bradley Decl. (Ex. 3) ¶¶ 11-16; Cunningham Decl. (Ex. 5) ¶¶ 11-19. Indeed, only NSD's *ex parte* declaration

discusses Exemption 7(A).  *See* Bradley *Ex Parte* Decl. (Ex. 4) ¶¶ 7-9.  While NSD provides

additional information about the investigation, and explains the harm that could result from

disclosure by describing particular events associated with the investigation, Defendants are

confident that the public declarations provide more than sufficient detail about the bases for the

withholdings that the Court could resolve the entire case without even needing to review the *ex*

*parte* materials.

## II.      Defendants' Use of *Ex Parte* Filings Is Proper

The *ex parte* submissions are entirely appropriate.  In arguing otherwise, EPIC relies on a

fundamentally flawed understanding of the role that *ex parte* submissions may play in FOIA

cases.  EPIC contends that "the acceptance of *ex parte*, *in camera* declarations is 'a practice out

of accord with normal usage under our common law tradition, in which the judge functions as

the impartial arbiter of a dispute fully argued by both parties before him.'"  Pl.'s Opp'n 7-8

(quoting *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1471 (D.C. Cir. 1983)).  But EPIC simply

omits the rest of the D.C. Circuit's statement.  The court of appeals recognized that:

> regular use of *ex parte* procedures [is] a practice out of accord with normal usage
> under our common law tradition, in which the judge functions as the impartial
> arbiter of a dispute fully argued by both parties before him.  But FOIA cases as a
> class present an unusual problem that demands an unusual solution: One party
> knows the contents of the withheld records while the other does not; and the
> courts have been charged with the responsibility of deciding the dispute without
> altering that unequal condition, since that would involve disclosing the very
> material sought to be kept secret. The task can often not be performed by
> proceeding in the traditional fashion, so that what is a rarity among our cases
> generally must become a commonplace in this unique field.

*Arieff*, 712 F.2d at 1471.

Indeed, the FOIA statute itself recognizes that the Court's review of agency withholdings

may include the review of *ex parte* submissions.  *See* 5 U.S.C. § 552(a)(4)(B) (providing that

court "may examine the contents of such agency records in camera to determine whether such

records or any part thereof shall be withheld").  The use of *ex parte* affidavits is appropriate because sometimes it is not possible for the Government to fully detail the basis for its withholdings on the public record.  *See, e.g.*, *Arieff*, 712 F.2d at 1469 (explaining that in camera affidavits are, "when necessary, part of a trial judge's procedural arsenal").  While "*in camera* declarations should be avoided unless truly necessary, where, as here, an agency indicates that no additional information concerning an investigation may be publicly disclosed without revealing precisely the information that the agency seeks to withhold, the receipt of *in camera* declarations is appropriate."  *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009) (internal citation omitted).  *See also id.* at 16-17 (upholding assertion of Exemption 7 based on *in camera* declarations).  The Government should not be required to divulge protected information in order to protect other information; certainly, FOIA mandates no such sacrifice.

The *ex parte* materials submitted by Defendants are appropriate because, as is clear from the submissions themselves, each component has tailored its *ex parte* filing to include only that information that cannot be revealed to EPIC or the public.  EPIC's claim that "virtually all meaningful information has been withheld" is pure exaggeration.  *See* Pl.'s Opp'n 3.  Defendants have submitted robust declarations on the public record that account for all of the information at issue and discuss at great length the factual circumstances supporting the withholdings.  The information included in the *ex parte* declarations is limited: each declaration discusses the components' withholdings under Exemption 3, while the FBI's declaration also addresses Exemption 7(D) and NSD's discusses Exemptions 6, 7(A), and 7(C).

EPIC's claim that Defendants have made the *ex parte* filings "without explaining why such secret filings are necessary," Pl.'s Opp'n 1, is also plainly incorrect.  Defendants have justified the need for each *ex parte* submission.  *See, e.g.*, Defs.' Mot. for Summ. J. 3-4; 8; Hardy Decl. (Ex. 1) ¶ 79; Hardy *Ex Parte* Decl. (Ex. 2) ¶¶ 5, 11-13; Bradley Decl. (Ex. 3) ¶ 22; Bradley

*Ex Parte* Decl. (Ex. 4) ¶¶ 3-5, 8, 12, 14; Cunningham Decl. (Ex. 5) ¶ 22; Cunningham *Ex Parte*

Decl. (Ex. 6) ¶¶ 8-9.  While EPIC points to several categories of information provided in the *ex*

*parte* declarations, Defendants addressed the need for non-disclosure in each case.

First, EPIC makes much of the fact that Defendants have not disclosed any responsive

records, along with Defendants' refusal to reveal the volume of responsive material and whether

there are records responsive to each part of the FOIA request.  *See* Pl.'s Opp'n 3, 6, 10.  But it is

entirely unsurprising that the Government is not providing such information because all of the

responsive documents are contained within open investigative files and are protected by

Exemption 7(A).  Disclosing such information would itself reveal information about the size and

scope of the Government's investigation that is protected from public disclosure.  As the FBI

explained in its public declaration, "disclosing the total volume of responsive information

protected by Exemption 7(A) and/or another exemption would reveal information about the

nature, scope, focus, and conduct of active, on-going investigations, and thus cannot be publicly

disclosed without undermining the law enforcement interests the FBI is seeking to protect by

application of Exemption 7(A)."  Hardy Decl. (Ex. 1) ¶ 26 n.5.[1]  Moreover, Defendants' refusal

to explain whether there are records responsive to particular portions of the request is perfectly

appropriate, as the Government cannot indicate to EPIC (and the public) whether particular

strategies have been employed as part of the investigation.  If anything, Defendants' consistent

refusal to disclose information such as the volume of responsive material demonstrates the

---

[1] The same is true of providing a document-by-document Vaughn index, which would itself reveal the volume along with other information about the nature of particular documents.  For further information about each component's list of documents, the court is respectfully referred to the *ex parte* submissions.  *See* Hardy *Ex Parte* Decl. (Ex. 2) ¶ 8 n.3; Bradley *Ex Parte* Decl. (Ex. 3) ¶ 5; Cunningham *Ex Parte* Decl. (Ex. 5) ¶ 4.

sensitivity of the information at issue, and underscores the reasons why the components have only provided such information *in camera*.[2]

Much of EPIC's opposition concerns Defendants' reliance on *ex parte* declarations to support their assertion of Exemption 3. Yet, Defendants have provided sufficient justification for these *ex parte* submissions. As each component explained, Defendants cannot publicly identify the statute(s) that require(s) nondisclosure under this exemption without revealing information that is itself protected by the exemption. *See* Hardy Decl. (Ex. 1) ¶ 79; Bradley Decl. (Ex. 3) ¶ 22; Cunningham Decl. (Ex. 5) ¶ 22. The need to withhold this information is clearly explained in the *ex parte* submissions. *See* Hardy *Ex Parte* Decl. (Ex. 2) ¶ 9-12; Bradley *Ex Parte* Decl. (Ex. 4) ¶¶ 10-12; Cunningham *Ex Parte* Decl. (Ex. 6) ¶¶ 6-9. That is sufficient to allow the materials to be filed *in camera*.

EPIC contends that the Government's refusal to publicly identify the Exemption 3 statute at issue is "unprecedented," Pl.'s Opp'n 5, but that is plainly incorrect. An *ex parte* and *in camera* assertion of Exemption 3 was upheld in *Haddam v. FBI*, No. 01-cv-00434-CK, Dkt. 51, Mem. Op. (D.D.C. Sept. 8, 2004). *Haddam* is directly on point: the FBI in that case withheld materials under Exemption 3, but indicated that the basis for the withholding could not be stated publicly. The court agreed, finding that the withholdings were valid and that "no further information as to this exemption should be disclosed on the public record, as explained in the declaration filed *in camera*, *ex parte*." *Id.* at 28. EPIC attempts to distinguish *Haddam* on the

---

[2] EPIC also notes that Defendants provided them with Vaughn indices on November 1, 2012, per the scheduling order entered by the Court, and that those indices also did not identify each individual document being withheld. *See* Pl.'s Opp'n 2. To the extent EPIC believes those indices were insufficient, it is unclear why they are only raising this point now or how it is relevant to Defendants' request to submit other material *ex parte* and *in camera*. In any event, insofar as the November Vaughn indices provide limited information, they are fully consistent with the Government's refusal to disclose information that would jeopardize an ongoing investigation.

grounds that the FBI had previously disclosed certain responsive records and identified the volume of responsive records at issue in that case. *See* Pl.'s Opp'n 6. But those distinctions make no difference. The fact that the FBI provided the approximate volume of information in that case, disclosed some public source information to the requester, and only asserted Exemption 3 as to 23 pages says nothing about the propriety of not publicly identifying the Exemption 3 statute. Moreover, the fact that that all responsive documents are exempt in this case has no bearing on the applicability of Exemption 3, and the Government's refusal to describe the size of the investigative file or provide new information about the scope of the investigation does not diminish the need to protect the interests protected by Exemption 3. *Haddam*, moreover, is not the only case in which an agency has not identified an Exemption 3 statute in its public filings. *See Simpson v. Dep't of State*, Civ. No. 79-0674, 2 Gov't Disclosure Serv. (P-H) ¶ 81,280, at 81,798 (D.D.C. 1981) (attached as Ex. A) (upholding Exemption 3 withholding and concluding that "national security would be compromised and threats to the safety of individuals would arise" if the basis for the withholding were publicly identified).

Notably, given its focus on precedent, EPIC has identified no case in which a court has rejected the use of *ex parte* submissions to sustain withholdings under Exemption 3. Instead, EPIC makes a false analogy between the withholding of documents containing "secret law" and the refusal to publicly disclose the applicable Exemption 3 statute. The cases cited by EPIC concern situations in which agencies have withheld information (under Exemptions 2 and 5) in response to FOIA requests. *See* Pl.'s Opp'n 4-7. Those cases are irrelevant to the question at issue here because they concern whether information being withheld under FOIA satisfies various exemptions, and not the manner in which the Government may defend its withholdings. EPIC's reliance on cases concerning the validity of particular withholdings does not provide a basis for rejecting the use of *ex parte* submissions here.

6

EPIC's opposition also contends that Defendants have failed to justify the FBI's and NSD's use of *ex parte* submissions in support of their withholdings under Exemptions 6 and 7. But those components have identified ample grounds for providing certain information *ex parte*.

Specifically, the FBI's *ex parte* declaration provides additional information on Exemption 7(D). Defendants' brief and the FBI's public declaration discuss this exemption at length, and the declaration describes the use of the exemption to withhold information in order to protect the identities of certain confidential sources. *See* Hardy Decl. (Ex. 1) ¶¶ 103-11. The *ex parte* declaration merely provides additional information regarding confidential sources who cannot be described publicly without divulging protected information. *See* Hardy *Ex Parte* Decl. (Ex. 2) ¶¶ 13-25. The FBI has explained that disclosing the *ex parte* information regarding these sources would prematurely reveal the manner in which the investigation is being conducted, *id.* ¶ 13, and because that information is protected by FOIA, the FBI should not be required to include it on the public record.

NSD's *ex parte* declaration is similarly limited. It provides additional information about the basis for the component's assertion of Exemptions 6, 7(A), and 7(C). Bradley *Ex Parte* Decl. (Ex. 4) ¶¶ 7-9, 13-14. These exemptions were described at great length in NSD's public declaration. *See* Bradley Decl. (Ex. 2) ¶¶ 11-16, 27-34. The *ex parte* declaration merely supplements the explanation by describing particular events that have occurred during the investigation that further support the finding that disclosure of responsive records could harm the investigation and threaten government employees and sources. These events cannot be publicly disclosed without exacerbating these harms. Because this additional information may help the Court in its resolution of the disputed withholdings, however, NSD determined that it should provide the information *ex parte*.

Accordingly, as explained above and in Defendants' motion for leave, the use of *ex parte* submissions in this case is authorized by statute and entirely appropriate.  If the Court determines otherwise, however, EPIC's requested remedy is improper.  EPIC asks the Court to reject the *ex parte* submissions and to order the agencies to identify the basis for the Exemption 3 withholding.  *See* Pl.'s Opp'n 1.  If the Court determines not to permit *ex parte* affidavits (in whole or in part), it should give the Government the opportunity to determine how to proceed.

Dated: February 28, 2013.                        Respectfully submitted,

                                                 STUART F. DELERY
                                                 Principal Deputy Assistant Attorney General

                                                 ELIZABETH J. SHAPIRO
                                                 Deputy Branch Director

                                                 */s/ Scott Risner*
                                                 SCOTT RISNER (MI Bar No. P70762)
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 20 Massachusetts Avenue, N.W.
                                                 Washington, D.C. 20001
                                                 Telephone: (202) 514-2395
                                                 Fax: (202) 616-8470
                                                 Email: scott.risner@usdoj.gov

                                                 Attorneys for Defendants