UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No: 12-cv-00127 (RWR)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR *IN CAMERA* EXAMINATION OF WITHELD RECORDS**

Plaintiff Electronic Privacy Information Center ("EPIC") hereby moves the Court to examine the withheld records *in camera*. Reviewing of the records *in camera* would aid the Court in resolving the issues presented by this case.

The FOIA provides that a court may "examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld." 5 U.S.C. § 552(a)(4)(B). *In camera* review may serve as a "supplement" to the agency's public explanation, but it is "no 'substitute for the government's obligation to provide detailed public indexes and justifications whenever possible.'" *Roth v. Dep't of Justice*, 642 F.3d 1161, 1185 (D.C. Cir. 2011) (quoting *Lykins v. Dep't of Justice*, 725 F.2d 1455, 1463 (D.C. Cir. 1984)). "While *in camera* examination need not be automatic, in many situations it will plainly be necessary and appropriate." *Ray v. Turner*, 587 F.2d 1187, 1191 (D.C. Cir. 1978). *In camera* review might be appropriate merely "on the basis of an uneasiness [on the part of the trial judge], on a doubt he wants satisfied before he takes responsibility for a *de novo* determination." *Id.* at 1195. Where, however, the government's affidavits "merely state in conclusory terms that documents are

1

exempt from disclosure," the D.C. Circuit has instructed that "an *in camera* review is *necessary*." *Quinon v. Fed. Bureau of Investigation*, 86 F.3d 1222, 1229 (D.C. Cir. 1996) (emphasis added).

The government's refusal to describe the volume of records at issue in this case prevents EPIC from recommending a specific form of *in camera* review. If the volume is small, review of every record may be appropriate. *See id.* at 1228. If the volume is large, then the Court might review either a random sample or a representative sample of the documents. *See, e.g., Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1490 (D.C. Cir. 1983) (random sampling); *Bonner v. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991) (representative sampling).

*In camera* review is appropriate here because part of the dispute turns on the contents of the withheld documents. For example, EPIC is challenging the government's assertion that no segregable portions exist. Furthermore, EPIC's ability to provide a check on the government's exemption claims is limited by the fact that it has not received detailed, itemized document descriptions and by the introduction of *ex parte, in camera* declarations. Review of the records themselves would help counteract, however imperfectly, the effects of this informational imbalance. Finally, *in camera* review would allow the Court to assure itself that the government's "inherent tendency to resist disclosure," *Ray*, 587 F.2d at 1195, has not prevented the disclosure of records in this case.

Pursuant to Local Civil Rule 7(m), EPIC conferred with Defendants' counsel Scott Risner in an effort to determine whether there was any opposition to the relief sought. Counsel for Defendants indicated that Defendants do not consent to the proposed relief.

                                Respectfully submitted,

By:   /s/_____
Marc Rotenberg (DC Bar # 422825)
Ginger McCall (DC Bar # 1001104)
David Jacobs[*]
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: March 4, 2013

---

[*] Mr. Jacobs is a member in good standing of the New York bar.