IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY <br> INFORMATION CENTER, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE <br> CRIMINAL DIVISION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12-cv-00127 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* EXAMINATION OF WITHHELD RECORDS (DKT. 17)**

Defendants U.S. Department of Justice Criminal Division, National Security Division ("NSD"), and the Federal Bureau of Investigation ("FBI"), through the undersigned counsel, hereby submit this response in opposition to Plaintiff Electronic Privacy Information Center ("EPIC")'s Motion For *In Camera* Examination of Withheld Records (Dkt. 17). EPIC's motion is without merit, and should be denied.

In its motion, EPIC asks the Court to conduct an *in camera* review of the responsive records that Defendants have withheld as exempt from production under FOIA.[1] As explained in Defendants' motion for summary judgment, and in their reply in support of that motion and in opposition to EPIC's cross-motion for summary judgment, the Government's submissions are more than sufficient for this Court to grant summary judgment on the validity of Defendants' withholdings. However, should the Court find any submission insufficient, there are other, more

---

[1] EPIC's motion repeats arguments made in part III of EPIC's opposition to Defendants' motion for summary judgment and cross-motion for summary judgment. *See* Dkt. 15 at 25-27. Defendants are addressing those arguments in their reply/opposition, but also incorporate the arguments here given EPIC's decision to include the arguments in separate filings.

proportional remedies that the Court should employ before conducting an *in camera* review, such as requiring the Government to submit supplemental declarations with additional detail.

Courts generally conduct *in camera* review in exceptional, rather than routine, cases. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 252-53 (D.C. Cir. 1993) (noting that *in camera* review is generally disfavored); *Elec. Privacy Info. Ctr. v. DHS*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005) ("[C]ourts disfavor *in camera* inspection and it is more appropriate in only the exceptional cases."). FOIA cases are typically decided on motions for summary judgment, based on the agencies' supporting affidavits, which are entitled to a presumption of good faith. *Meeropol v. Meese*, 790 F.2d 942, 952 (D.C. Cir. 1986). It is only when the agency's affidavits are found to be inadequate that *in camera* review need be considered as an option  Even then, *in camera* review over-burdens judicial resources, by requiring the review of potentially large volumes of responsive materials. *See Jones v. FBI*, 41 F.3d 238, 243 (6th Cir. 1994); *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978). *In camera* review is especially disfavored for material withheld under Exemption 1. *See Armstrong v. Executive Office of the President*, 97 F.3d 575, 580-81 (D.C. Cir. 1996).

EPIC's brief fails to show that this case is the exceptional case that warrants such review. There is no suggestion in EPIC's brief that the good faith of the agencies is in question. While EPIC contends that *in camera* review is appropriate "because part of the dispute turns on the contents of the withheld documents," Pl.'s Mot. 2, that is always the case when a court is reviewing an agency's withholding of documents under FOIA. EPIC also argues for *in camera* review on the grounds that Defendants have not provide "detailed, itemized document descriptions" and have relied on *ex parte* declarations, *id.*, but EPIC ignores the fact that the Court is already able to review that information *ex parte* and *in camera*. The *ex parte*

declarations submitted by Defendants provide the Court additional information regarding the contents of the documents, without also requiring Defendants to submit the investigative files themselves for review.

Because the agencies have provided this Court with declarations that are sufficiently detailed to inform the Court of the specific information that has been withheld, as well as the bases for its withholding, *in camera* review is "neither necessary nor appropriate." *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Even if the Court finds the components' submissions to be insufficient, though, *in camera* review is only one among several options that the Court may consider. If the Court finds any material portion of Defendants' submissions to be insufficient, the Court should require the component or components at issue to submit additional supplemental declarations before it orders *in camera* review. *See Campbell v. DOJ*, 164 F.3d 20, 31 (D.C. Cir. 1998) ("On remand, the district court can either review the documents *in camera* or require the FBI to provide a new declaration. . . . The latter course is favored where agency affidavits are facially inadequate."); *Spirko v. USPS*, 147 F.3d 992, 997 (D.C. Cir. 1998) (listing other potential remedies, including requiring additional affidavits); *Elec. Privacy Info. Ctr.*, 384 F. Supp. 2d at 120 (permitting agencies to submit a revised Vaughn index). An order granting *in camera* review should be a last resort. In any event, such review is unwarranted and unnecessary in this case, as the agencies' declarations are more than sufficient to establish their entitlement to summary judgment.

## **CONCLUSION**

For the reasons stated above, and in Defendants' motion, the Court should grant Defendants' motion and enter final judgment for them in this matter.

Dated: April 10, 2013.                                    Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

 */s/ Scott Risner*
SCOTT RISNER (MI Bar No. P70762)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2395
Fax: (202) 616-8470
Email: scott.risner@usdoj.gov

Counsel for Defendants