IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 12-cv-00127 (BJR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S MARCH 17, 2014 MINUTE ORDER, AND IN
FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

By Minute Order dated March 11, 2014, the Court directed defendants to provide an update regarding their positions on plaintiff's FOIA requests, and, specifically, whether the Government continues to rely on Freedom of Information Act ("FOIA") Exemption 7(A) to withhold records in this case. Defendants, by and through undersigned counsel, hereby respectfully respond.

First, defendants' general position regarding the FOIA requests in this matter, which were submitted by plaintiff Electronic Privacy Information Center ("EPIC") to three Department of Justice ("DOJ") components, has not changed. EPIC's requests constitute an improper attempt to obtain information regarding ongoing law enforcement investigations. Defendants articulated this view previously, in their motion for summary judgment. *See* Defs.' Mot. 1 (Dkt. No. 12-1) ("EPIC's request is a quintessential example of an improper attempt to use FOIA to force the

Government to open its investigative files to public inspection."). In response, EPIC stated that it "is not generally seeking records about individuals who may be the target of criminal investigations, it is seeking records about individuals who are exercising their Constitutional rights."[1]  Pl.'s Opp'n/Mot. 1.  Although no one is being targeted for "exercising their Constitutional rights," *see* First Hardy Decl. (Dkt. No. 12-2) ¶ 19 n.3,[2] Defendants generously interpreted plaintiff's FOIA requests when searching for responsive records and processing records.  Now that plaintiff's motion for summary judgment has at least partially clarified the scope of EPIC's requests, defendants are of the view that many, if not most or even all, of the records processed by defendants may have actually been non-responsive to plaintiff's requests.

Second, the Court is correct that Exemption 7(a) is "temporal in nature," and that developments in investigations, and the passage of time, can impact the continued viability of that exemption.  *See, e.g.*, *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, No. 12-5223, 2014 WL 1284811 (D.C. Cir. Apr. 1, 2014).  At this time, as discussed further below, defendants confirm that Exemption 7(a) continues to apply to their records because the criminal investigation of the DOJ and FBI, to which those records relate, remains open and pending.  The harms described in the original declarations submitted with defendants' motion for summary judgment continue to apply, and Exemption 7(A) remains applicable.

---

[1] Plaintiff further conceded that it "has no objection to the withholding" of "records that concern the investigation of individuals suspected of disclosing classified information and are wholly exempt." Pl.'s Reply 2-3.

[2] The indices submitted with the *ex parte*, *in camera* declarations of NSD's declarant, Mark A. Bradley, and CRM's declarant, John E. Cunningham III, also show that the processed records pertain to criminal investigations.  *See* Second Bradley Decl. (filed under seal, with Notice of Filing at Dkt. No. 11), Second Cunningham Decl. (filed under seal, with Notice of Filing at Dkt. No. 11).

## BACKGROUND

In June 2011, EPIC sent the FOIA requests in this matter to three separate Department of Justice components, (1) the Federal Bureau of Investigation ("FBI"), (2) the Criminal Division ("CRM"), and (3) the National Security Division ("NSD") (collectively, "defendants"). The requests seek four categories of records concerning the Government's investigation into WikiLeaks:

1. All records regarding any individuals targeted for surveillance for support for or interest in WikiLeaks;

2. All records regarding lists of names of individuals who have demonstrated support for or interest in WikiLeaks;

3. All records of any agency communications with Internet and social media companies including, but not limited to Facebook and Google, regarding lists of individuals who have demonstrated, through advocacy or other means, support for or interest in WikiLeaks; and

4. All records of any agency communications with financial services companies including, but not limited to Visa, MasterCard, and PayPal, regarding lists of individuals who have demonstrated, through monetary donations or other means, support or interest in WikiLeaks.

*See, e.g.*, First Hardy Decl., Ex. A (request to FBI) at 3.1.

EPIC filed its complaint on January 25, 2012 (Dkt. No. 1), and defendants answered the complaint on March 23, 2012 (Dkt. No. 4). On January 31, 2013, defendants moved for summary judgment (Dkt. No. 12). EPIC cross-moved for summary judgment on March 4, 2013 (Dkt. No. 15). The materials previously submitted by defendants in connection with their motion for summary judgment provide additional information regarding the background of the FOIA requests, defendants' searches for responsive records, and the processing of identified records. *See* Defs.' Mot. 2-4, 6-8 (Dkt. No. 12-1); Defs.' Stmt. of Material Facts (Dkt. No. 12-5); Defs.'

Reply/Opp'n 2-3 (Dkt. No. 20);  First Hardy Decl. ¶¶ 5-21 (Dkt. No. 12-2); First Bradley Decl. ¶¶ 4-10 (Dkt. No. 12-3); First Cunningham Decl. ¶¶ 6-10 (Dkt. No. 12-4).

On March 11, 2014, the Court issued a Minute Order directing defendants to submit the instant supplemental brief.  The Minute Order states:

> A year has passed since the briefing on the cross motions for summary judgment (Dkt. Nos. 12 and 15) and the motion for leave to file ex parte and in camera exhibits (Dkt. No. 10) was filed.  The Court takes judicial notice that events have transpired during that time that may cause the government's position to have changed. Therefore, the Court instructs the government to update its position regarding Plaintiff's FOIA request, particularly with respect to the government's invocation of exemption 7(A).

The Court administratively closed the pending cross-motions for summary judgment, as well as defendant's motion for leave to file *ex parte* and *in camera* exhibits (Dkt. No. 10) and plaintiff's motion for *in camera* review (Dkt. No. 17), and indicated that it will reopen the motions when the parties complete the additional briefing.  *See* March 11, 2014 Minute Order; March 31, 2014 Minute Order.

In response to the Court's Minute Order, defendants submit this supplemental brief. Defendants also submit supplemental declarations from the FBI, CRM, and NSD.  *See* Third Hardy Decl. (Dkt. No. 33-1); Third Bradley Decl. (Dkt. No. 33-2); Third Cunningham Decl. (Dkt. No. 33-3).  In addition, defendants are separately filing a motion seeking leave to file under seal, *ex parte*, and *in camera*, a supplemental declaration from the FBI that provides additional information that defendants are unable to state on the public record due to the ongoing nature of the Department of Justice's criminal investigation. These declarations provide an update to the Court, and also further support defendants' motion for summary judgment.  Defendants provide

the following updated chart of declarations supporting their motion for summary judgment. *Cf.* Defs.' Mot. 4.

| Exhibit | Dkt. No. | Component | Declarant |
|---|---|---|---|
| Exhibit 1 | 12-2 | FBI | Declaration of David M. Hardy [First Hardy Decl.] |
| Exhibit 2 | Mot. for Leave at Dkt. No. 10; Notice of Filing at Dkt. No. 11 | FBI | Ex Parte and In Camera Declaration of David M. Hardy (addressing Exemptions 3 and 7(D)) [Second Hardy Decl.] |
| Exhibit 3 | 12-3 | NSD | Declaration of Mark A. Bradley [First Bradley Decl.] |
| Exhibit 4 | Mot. for Leave at Dkt. No. 10; Notice of Filing at Dkt. No. 11 | NSD | *Ex Parte* and *In Camera* Declaration of Mark A. Bradley (addressing NSD's search and Exemptions 3, 6, 7(A), and 7(C)) [Second Bradley Decl.] |
| Exhibit 5 | 12-4 | CRM | Declaration of John E. Cunningham III [First Cunningham Decl.] |
| Exhibit 6 | Mot. for Leave at Dkt. No. 10; Notice of Filing at Dkt. No. 11 | CRM | *Ex Parte* and *In Camera* Declaration of John E. Cunningham III (addressing Exemption 3) [Second Cunningham Decl.] |
| Exhibit 7 | 33-1 | FBI | Third Overall and Second Public Declaration of David M. Hardy [Third Hardy Decl.] |
| Exhibit 8 | 33-2 | NSD | Declaration of Mark M. Bradley [Third Bradley Decl.] |
| Exhibit 9 | 33-3 | CRM | Third Overall and Second Public Declaration of John E. Cunningham III [Third Cunningham Decl.] |
| Exhibit 10 | 34-1 (attached to motion for leave to file under seal) | FBI | Fourth Overall and Second *In Camera*, *Ex Parte* Declaration of Mark A. Bradley [Fourth Bradley Decl.] |

**DISCUSSION/UPDATE**

**1.      Events That Have Transpired During the Past Year**

The Court's Minute Order referenced "events [that] have transpired" during the past year, without specifying what event or events the Court had in mind.  Defendants have identified a number of developments that are potentially relevant, at least contextually, to the instant case:

(a)      The DOJ's and FBI's criminal investigation of unauthorized disclosures to Wikileaks remains open and pending.

(b)      The Department of Defense held a court-martial trial of Army Pfc. Bradley Manning, now known as Chelsea Manning.  On July 30, 2013, Pfc. Manning was convicted on twenty specifications related to the misappropriation of intelligence documents she sent to the WikiLeaks organization. On, Aug. 21, 2013, Manning was sentenced to thirty-five years in prison.  Her appeal is currently pending.

(c)      In the FOIA requests at issue here, EPIC referenced a lawsuit filed on January 26, 2011, by the Electronic Frontier Foundation and others in the Eastern District of Virginia.  *See, e.g.*, First Hardy Decl., Ex. A (request to FBI) at 2.  The Fourth Circuit issued an opinion in that case on January 25, 2013, just prior to the filing of the cross-motions for summary judgment in this case.[3]  *See In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283 (4th Cir. 2013).  Upon remand, the district court issued an Order, dated May 6, 2013, in which it

---

[3] The Fourth Circuit held (a) that the First Amendment does not provide the public with a right to access orders issued under 18 U.S.C. § 2703(d) and related documents at the pre-grand jury phase of an ongoing criminal investigation, and (b) that "the common law right to access such documents is presently outweighed by countervailing interests." *In re U.S.*, 707 F.3d at 286.  In its opinion, the Fourth Circuit acknowledged the "Government's interests in maintaining the secrecy of its investigation, [and in] preventing potential subjects from being tipped off, or altering behavior to thwart the Government's ongoing investigation."  The Court of Appeals agreed with the lower court that those interests outweighed the common law presumption of access to judicial records.  *Id.* at 293.

found that "unsealing of the documents at this time would damage an ongoing criminal investigation." *In re 2703(D) Order*, No. 11-dm-00003-TCB-LO (E.D. Va. May 6, 2013) (ordering that documents remain sealed) (attached, at Dkt. No. 33-4). The Court ordered that the documents at issue shall remain sealed. The May 6, 2013 is the most recent publicly docketed decision in that case. *See Id.* CM/ECF Docket Report (generated April 25, 2014) (attached, at Dkt. No. 33-5).

        (d)      EPIC's reply brief in support of its motion for summary judgment describes a lawsuit filed by David House. Pl's Reply 6-7 (referencing *House v. Napolitano*, No. 11-10852 (D. Mass)). EPIC attempts to establish facts it says are relevant to this case by relying on the factual recitation of the district court's opinion at the motion to dismiss stage (when facts asserted in a complaint are taken as true, and viewed in the light most favorable to the plaintiff). Within the past year, there has been a development in that case. On May 23, 2013, plaintiff filed a stipulation of dismissal with prejudice. *See* Stip. of Dismissal (attached, at Dkt. No. 33-6).

**2.**     **Exemption 7(A) Continues to Apply**

Exemption 7(A) protects "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information … could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Defendants invoked Exemption 7(A) to protect records in this case so as not to adversely affect the DOJ's and FBI's active and pending investigation(s) of the unauthorized disclosure of classified information that was published by the WikiLeaks website, any prosecutions that may result from that investigation, and/or the then-pending trial of Army Pfc. Manning. *See* Third Hardy Decl. ¶ 5; *see also* First Hardy Decl. ¶¶ 23, 25; First Bradley Decl. ¶ 13; First Cunningham Decl. ¶¶ 12-19.

There are at least two separate categories of "enforcement proceedings" relevant to defendants' Exemption 7(A) analysis, and those two separate categories of law enforcement proceedings are progressing on different tracks. One set consists of those enforcement proceedings directly related to the military prosecution of Army Pfc. Manning, which falls within the jurisdiction of the Department of Defense ("DoD"). Since this case was originally briefed, Manning was tried and convicted by a military court, as noted above. The court-martial remains ongoing, in the appellate phase.

The second type of enforcement proceeding, generally, is the DOJ's civilian criminal/national security investigation(s) into the unauthorized disclosure of classified information that was published on the WikiLeaks website. The investigation of the unauthorized disclosure is a multi-subject investigation and is still active and ongoing. While there have been developments in the investigation over the last year, the investigation generally remains at the investigative stage. It is this second category of enforcement proceeding that is actually more central to defendants' Exemption 7(A) withholdings in this case.

It is well-established that although Exemption 7(A) is temporal in nature, it nevertheless remains viable throughout the duration of long-term investigations. *See, e.g.*, *Juarez v. Dep't of Justice*, 518 F.3d 54, 58 (D.C. Cir. 2008) (recognizing that investigation that was pending in 2002 remained ongoing in 2008, even though the investigating agency had interviewed the subject of the investigation several years prior to 2008, and had—according to the subject— "showed no further interest in [her] participation in their investigation"); *Dickerson v. Dep't of Justice*, 992 F.2d 1426, 1431 (6th Cir. 1993) (affirming district court's conclusion in 1991 and 1992 that FBI's investigation into 1975 disappearance of Jimmy Hoffa remained open and pending).

Here, defendants have considered whether developments in each of the two categories of Wikileaks-related enforcement proceedings, described above, altered their prior conclusions that disclosure of any responsive information in this case would adversely affect the government's continuing investigation of the unauthorized disclosure of classified information, any prospective prosecutions that could result from the FBI's investigation, or the Manning appeal.  All three defendant-components have concluded that that no materials can be released at this time without jeopardizing the DOJ's pending or prospective civilian enforcement proceedings, for the reasons discussed in the declarations submitted in connection with defendant's motion for summary judgment.  *See* Third Hardy Decl. ¶¶ 7-9; Fourth Hardy Decl. ¶¶ 7-8; Third Bradley Decl. ¶ 4; Third Cunningham Decl. ¶ 5.

There may be less risk that disclosure of defendants' records could jeopardize DoD's court-martial of Manning, since that proceeding has already progressed through trial and sentencing, but DoD's enforcement proceeding remains on appeal, and premature disclosure of related investigatory files could jeopardize proceedings on remand if there is any reversal and remand for new trial.  Courts have recognized the continued viability of Exemption 7(A) while an enforcement proceeding is pending at the appellate stage.  *See, e.g.*, *Kidder v. FBI*, 517 F. Supp. 2d 17, 27 (D.D.C. 2007) (reiterating that "pending appeal of a criminal conviction qualifies as a pending or prospective law enforcement proceeding for purposes of Exemption 7(A)").

Moreover, as the Third Hardy Declaration explains, the Manning court-martial is *related* to the ongoing DOJ and FBI criminal investigation.  *See* Third Hardy Decl. ¶¶ 6, 7.  Even if/when the court-martial proceeding were to end, defendants could still rely on Exemption 7(A) to protect DOJ's related, pending investigation.  Courts have upheld the continued use of

Exemption 7(A) after an enforcement proceeding is closed where information from the closed law enforcement proceeding will be used again in "related" proceedings, *i.e.*, other pending or prospective law enforcement proceedings, for example, when charges are pending against additional defendants. *See, e.g.*, *DeMartino v. FBI*, 577 F. Supp. 2d 178, 182 (D.D.C. 2008) (explaining that case remains open and pending because co-defendant is "scheduled to be retried" and "other unindicted co-conspirators" remain at large). Defendants note that many of the trial records in the court-martial proceeding remain under seal. Defendants have consulted with DoD to determine whether any of the publicly-released documents relating to the court martial are documents that originated from the FBI, and DoD has indicated to defendants that no FBI records are included in the publicly released documents. FBI is double checking that this is so, and will promptly inform the Court if any of its records that are also responsive to EPIC's FOIA request were publicly released by DoD.

**3.     Defendants' Positions Regarding the Other Exemptions Have Not Changed**

Defendants have also considered whether the additional exemptions previously cited continue to apply and has concluded that responsive information in this case also remains exempt pursuant to FOIA Exemptions 1, 3, 5, 6, 7(C), 7(D), 7(E), and 7(F), 5 U.S.C. §§ 552(b)(1), (b)(3), (b)(5), (b)(6) and (b)(7)(C) – (F), for the reasons previously explained in defendants' motion for summary judgment briefing and the related declarations. *See* Defs.' Mot. 16-34; Defs.' Reply/Opp'n 14-22.

## CONCLUSION

For the reasons stated above, and in defendants' earlier briefing on summary judgment, the Court should grant defendants' summary judgment motion, and should enter final judgment for defendants.

Dated: April 25, 2014                    Respectfully submitted,

                                                             STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Lisa Zeidner Marcus*
LISA ZEIDNER MARCUS
Trial Attorney
(N.Y. Bar Registration No. 4461679)

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-3336
Fax: (202) 616-8470
Email: lisa.marcus@usdoj.gov

Counsel for Defendants