**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,  )  )  )  ) | |
| Plaintiff,  )  ) | |
| v.  )  ) | No: 12-cv-00127 (BJR) |
| U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al.,  )  )  )  ) | |
| Defendants.  )  ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

**INTRODUCTION**

On March 11, 2014, this Court issued a Minute Order directing defendants to "update its position regarding Plaintiff's FOIA request, particularly with respect to the government's invocation of exemption 7(A)." Defendants filed a Supplemental Brief in Further Support of Defendants' Motion for Summary Judgment on April 25, 2014. Dkt. 33. Also on April 25, Defendant filed a Sealed Motion For Leave To File Document Under Seal. Dkt. 34. Plaintiff Electronic Privacy Information Center ("EPIC") hereby opposes Defendants Motion Under Seal.

First, the government has made no attempt to show that it satisfies this Court's standard for *ex parte*, *in camera* review of the declaration it seeks to file. Instead, the government submits a cursory description of the declaration and a conclusory legal analysis. Second, the government is once again attempting to litigate this case without the full burden of the adversarial process. The Court should deny defendant's motion.

1

**PROCEDURAL BACKGROUND**

This lawsuit arises from three Freedom of Information Act requests in which EPIC asked Defendants for information about the government's identification and surveillance of individuals who had expressed interest in WikiLeaks, an Internet-based media organization. Compl., Dkt. 1, ¶¶ 30-32. On November 1, 2012, the day the government's *Vaughn* index was due, EPIC received three documents summarizing the categories of information withheld by the three government agencies. Pl. Opp. to Mot. Leave, Dkt. 13, FBI Vaughn, Ex. 1; NSD Vaughn, Ex. 2; CRM Vaughn, Ex. 3. Although the government characterized these summaries as "*Vaughn* indices," these documents failed to meet the well-established threshold for a sufficient *Vaughn* filing. Instead, the government submitted categorical *Vaughn* indices that did not justify the withholding on a document-by-document basis but instead listed generic categories of documents. *Id*.

Before moving for summary judgment on January 31, 2013, the government moved for leave to file three declarations *ex parte* and *in camera* in connection with its Motion for Summary Judgment. Defs.' Mot. Leave, Dkt. 10; Defs.' Mot. Summ. J., Dkt. 12. These declarations were completed by individuals at each of the Department of Justice components: the Criminal Division, the National Security Division, and the Federal Bureau of Investigation. *Id.* Although public versions of each declaration were also filed, the government explained that the secret declarations were necessary to properly evaluate its arguments under Exemption 7(A), which is the primary basis for its withholding. Defs.' Mot. Summ. J., Dkt. 12, at 8. The government also stated that the *ex parte*, *in camera* filings were necessary to support its withholdings under Exemptions 3, 6, 7(C), and 7(D). *Id.* at 4.  In its Motion for Summary Judgment, the government also

made the puzzling admission that "[e]ach component has withheld information pursuant to Exemption 3, but cannot publicly identify the statute(s) that require(s) nondisclosure or provide further information about the withheld information." *Id.* at 21.

On February 18, 2013, EPIC filed its Opposition to Defendants' Motion for Leave to File *Ex Parte* and *In Camera* Exhibits. Pl. Opp. to Mot. Leave, Dkt. 13. On March 4, EPIC moved for the court to review the underlying FOIA documents *in camera*. Pl.'s Mot. for In Cam. Rev., Dkt. 17. EPIC highlighted the D.C. Circuit's ruling that where the government's affidavits "merely state in conclusory terms that documents are exempt from disclosure, an *in camera* review is *necessary*." *Id.*; *Quinon v. Fed. Bureau of Investigation*, 86 F.3d 1222, 1229 (D.C. Cir. 1996) (emphasis added). The Parties completed briefing their Motions for Summary Judgment on April 24, 2013.

Following this court's Minute Order dated March 11, 2014, the government filed a Supplemental Motion for Summary Judgment and a Sealed Motion to File a Document Under Seal ("Motion for Leave"). Defs.' Supp. Mot. Summ. J., Dkt. 33; Defs.' Sealed Mot. to File Doc. Under Seal, Dkt. 34. This Opposition responds to the government's Sealed Motion.

**ARGUMENT**

EPIC opposes the government's April 25, 2014 Motion for Leave to File a Document Under Seal for the same reasons that EPIC opposed the government's January 31, 2013 Motion for Leave to File a Document Under Seal. First, the government has not shown the Court that it has met this Circuit's standard for filing *ex parte* and *in camera* evidence. Second, by depriving EPIC of any responsive documents, a true *Vaughn* index, and a full record of its declarations, the government exacerbates the inherent

informational asymmetry that characterizes FOIA litigation and continues to thwart the adversarial process.

**I. The Government Has Made No Attempt to Address this Court's Test for *Ex Parte* and *In Camera* Submission**

As EPIC previously stated in its Opposition to Plaintiff's earlier Motion for Leave to File Under Seal, the standard for accepting *ex parte*, *in camera* declarations in this Circuit is one of strict necessity. *Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1470-71 (D.C. Cir. 1983). *See also Yeager v. DEA*, 678 F.2d 315, 324 (D.C. Cir. 1982) ("Because such submissions do not permit the plaintiff an opportunity to respond, these procedures should be employed only where absolutely necessary.") (quotation and citation omitted); *Lykins v. DOJ,* 725 F.2d 1455, 1465 (D.C. Cir. 1984) ("We have held that a trial court should not use *in camera* affidavits unless necessary . . . ."). If a court ultimately resorts to examining declarations *ex parte* and *in camera*, it must ensure that "such use is justified to the greatest extent possible on the public record." *Id*. As EPIC noted, "This is particularly true where, as here, the submissions sought to be accorded *in camera* treatment constitute the heart of the agency's Vaughn index." *Yeager*, 678 F.2d at 324.

However, the government has made no attempt in its Motion to account for this Circuit's *ex parte* and *in camera* submission standard. The government asserts that it will file "public declarations, which provide all information that can be disclosed on the public record," but the government also claims that the declaration that it seeks leave to file *ex parte* contains "information that cannot be disclosed publicly without causing serious harm to that investigation." Defs.' Supp. Mot. Leave, Dkt. 34, at 1-2.  These "conclusory, boilerplate statements" once again fail to justify the introduction of secret evidence in this case. *Gray v. U.S. Army Criminal Investigation Command*, 742 F. Supp.

4

2d 68, 75 (D.D.C. 2010). An agency is not permitted to rely on claims if they "are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Hayden v. National Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). The government's bare assertion that disclosure of the supplemental declaration would cause "serious harm" to an investigation does not adequately explain the basis for the government's position. And in fact, the D.C. Circuit has previously found that "the District Court's failure to hold the government to the accepted standards for submission of *in camera* affidavits made it impossible for the adversary system to function effectively in the District Court." *Yeager*, 678 F.2d at 324. The government cannot assume that the court will take it at its word – instead, the government must show that it has met the D.C. Circuit's standards for *ex parte*, *in camera* submission.

**II. The Court Should Exclude the Rest of the Government's Secret Declarations**

In FOIA litigation, the plaintiff operates at an informational disadvantage that frustrates the adversarial proceeding. The party challenging the application of statutory exemptions does not have access to the records in dispute and therefore does not have the same ability as does the government agency withholding the records to make representations to this Court as to the actual content of the documents. Typically, the *Vaughn* index helps restore a level of parity between the parties. "The purpose of a *Vaughn* index is to permit adequate adversary testing of the agency's claimed right to an exemption, and those who contest denials of FOIA requests—who are, necessarily, at a disadvantage because they have not seen the withheld documents[.]" *Citizens for Responsibility & Ethics in Washington v. DOJ*, 840 F. Supp. 2d 226, 230 (D.D.C. 2012). Where a *Vaughn* index cannot fully justify the agency's claimed exemptions, affidavits

become vital to allow the plaintiff access to the facts of the case.  "Affidavits submitted by a governmental agency in justification for its exemption claims must therefore strive to correct, however, imperfectly, the asymmetrical distribution of knowledge that characterizes FOIA litigation." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987); *see also Judicial Watch, Inc. v. USPS*, 297 F. Supp. 2d 252, 269 (D.D.C. 2004) (describing the importance of agency affidavits given FOIA litigation's "imbalance in access to facts.") In this case, however, the government still has not produced a true *Vaughn* index. And instead of providing detailed affidavits to "strive to correct the asymmetrical distribution of knowledge that characterizes FOIA litigation," the government has asked the court, once again, for leave to file an *ex parte* affidavit. *King*, 830 F.2d at 208.

Filing an affidavit under seal in a FOIA matter frustrates the adversarial process and is directly contrary to the purposes of the Act; filing a legal argument under seal in support of such a motion is beyond the pale. Information asymmetry in litigation deprives both the plaintiff and this Court of the benefits of the full adversarial process. For this reason, the acceptance of *ex parte*, *in camera* declarations is "a practice out of accord with normal usage under our common law tradition, in which the judge functions as the impartial arbiter of a dispute fully argued by both parties before him." *Arieff*, 712 F.2d at 1471. "Requiring agencies to provide public explanations" for withheld materials "allows for adversarial testing of the agencies' claims, which helps focus the court's attention on the most important issues in the litigation and may reveal not otherwise apparent flaws in the agencies' reasoning." *Roth v. DOJ*, 642 F.3d 1161, 1185 (D.C. Cir. 2011). The D.C. Circuit has therefore been rightfully "troubled" by "[t]he legitimacy of accepting *in*

*camera* affidavits." *Lykins*, 725 F.2d at 1465. The harm that EPIC originally identified in Plaintiff's Opposition to Defendants Motion for Leave persists: where the government has filed a categorical *Vaughn* rather than a true *Vaughn*, provided no responsive records for *in camera* review, and now seeks to keep secret portions of its declarations, the harm to the adversarial process is greater here than consideration of *ex parte*, *in camera* declarations alone would indicate.

## CONCLUSION

For the foregoing reasons, EPIC respectfully requests that this Court release Defendants' Sealed Motion to File Documents Under Seal and reject all other portions of the *ex parte*, *in camera* declarations.

Respectfully submitted,

By: /s/
Marc Rotenberg (DC Bar # 422825)
Ginger P. McCall (DC Bar # 1001104)
Julia Horwitz (DC Bar # 1018561)
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: May 9, 2014