**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 12-cv-00127 (BJR) ) |
| U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' REPLY TO THEIR SUPPLEMENTAL BRIEF, AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants' April 25, 2014 supplemental brief (Dkt. No. 33) provided an update to the Court regarding the continued applicability of Exemption 7(A) to the withheld records in this matter. Defendants — the Federal Bureau of Investigation ("FBI"), the Criminal Division ("CRM"), and the National Security Division ("NSD") of the Department of Justice — supported their supplemental brief with three publicly-filed declarations, one from each of the defendant components (Dkts. No. 33-1, 33-2, 33-3), and a fourth declaration (Dkt. No. 34-1) that was filed contemporaneously with a motion to allow its under-seal filing (Dkt. No. 34). In addition to updating the Court regarding defendants' positions, these four declarations incorporated by reference the six declarations submitted by defendants in January 2013 (*see* Dkts. No. 11, 12), and provided further support for defendants' pending (though administratively closed) motion for summary judgment.

In response, plaintiff the Electronic Privacy Information Center ("EPIC") filed a supplemental opposition-brief that not only failed to rebut defendants' declarations, but also declined to discuss or even cite those declarations. (Dkt. No. 36).

Defendants have fully complied with their Freedom of Information Act obligations in this matter. Defendants conducted a reasonable search, processed records, and determined that Exemption 7(A) — along with Exemptions 1, 3, 5, 6, 7(C), 7(D), 7(E), and 7(F) — protect the records from release. Defendants' supplemental brief and declarations confirm the continued applicability of Exemption 7(A) at this time by demonstrating that the withheld records were compiled for law enforcement purposes, and that the release of these records could reasonably be expected to cause articulable harm to an ongoing Department of Justice ("DOJ") and FBI criminal investigation and pending future prosecution. Accordingly, this Court should grant defendants' motion for summary judgment, and should deny plaintiff's cross-motion for summary judgment.

### 1. **Plaintiff Continues to Argue About Documents That Do Not Exist**

Plaintiff asserts in its supplemental opposition-brief that "many of the documents at issue are not law enforcement records" and instead are "records detailing government surveillance of individuals engaged in legitimate First Amendment activities." Pl. Supp. Br. 3.  While plaintiff may have hoped to receive such records when it first submitted its FOIA requests, defendants made clear in their motion for summary judgment and subsequent filings that such records do not exist.  For example, the First Hardy Declaration states:

> The FBI is not investigating individuals who simply support or have an interest in WikiLeaks.  However, reading Plaintiff's request broadly, the FBI concluded that records concerning its investigation of the disclosure of classified information that was published on the WikiLeaks website would be responsive to Plaintiff's request.  The FBI does not, however, maintain lists of individuals who have demonstrated support for or interest in WikiLeaks, and thus has no records responsive to this portion of Plaintiff's request.

First Hardy Decl. ¶ 19 n.3.  Defendants have repeatedly explained that all of the records they are withholding are law enforcement records.  *See, e.g.*, *id.* ¶ 19; First Bradley Decl. ¶¶ 12-13; First Cunningham Decl. ¶ 12; Defs.' Mot. 9-10; Defs.' Reply 7-9.  Most recently, defendants observed that while they had "generously interpreted plaintiff's FOIA requests" when processing those requests, they had come to believe — following the at least partial clarification of the requests provided by plaintiff in its summary judgment briefing — that "many, if not most or even all, of the records processed … may have actually been non-responsive to plaintiff's requests."  Defs.' Supp. Br. 2.

EPIC provides no basis, other than its own assumptions and suppositions, for its assertion that the records at issue "are not law enforcement records."  The Court should decline to credit this pronouncement.  The records here concern the government's criminal investigation into the unauthorized disclosure of classified information that was published on the WikiLeaks website.  As defendants previously noted, "[t]he starting point for the Court's review of the withholdings should … be Defendants' description of the responsive materials (supported by the terms of the

actual requests) rather than EPIC's unsupported assumptions about the focus of an investigation with which it lacks familiarity."  Defs.' Reply 6.

### 2. **Plaintiff Admits That Defendants Used the Correct Standard to Withhold Records Pursuant to Exemption 7(A)**

In its supplemental opposition-brief, EPIC concedes that the "government can meet its burden [under Exemption 7(A)] by demonstrating that release of the requested information would reveal the size, scope and direction of [the] investigation."  Pl's Supp. Br. 4.  That is exactly the standard that defendants have used.  EPIC provides a two-sentence argument contending that the government has not met this burden, s*ee id.* 4-5, but plaintiff's conclusory argument fails.

Through the ten declarations defendants have submitted in this case, defendants have more than met their burden of demonstrating that the withheld records would reveal the size, scope, and direction of the DOJ's and FBI's pending criminal investigation.  *See* First Hardy Decl. ¶¶ 25-38; First Bradley Decl. ¶¶ 14-16; First Cunningham Decl. ¶¶ 14-19; Second Hardy Decl. ¶¶ 9-11; Second Bradley Decl. ¶¶ 7-9; Second Cunningham Decl. ¶¶ 8-9; Third Hardy Decl. ¶¶ 8-9; Third Bradley Decl. ¶ 4; Third Cunningham Decl. ¶ 5; Fourth Hardy Decl. ¶¶ 7-8.  Defendants have properly applied Exemption 7(A), and the Court should uphold their withholdings.

### 3. **Events That Transpired During the Past Year Which Are Cited By EPIC Do Not Diminish the Valid Reasons for Continued Applicability of Exemption 7(A)**

In their supplemental brief, defendants described several events that have transpired during the past year, the chief of which was that the "DOJ's and FBI's criminal investigation of unauthorized disclosures to Wikileaks [remained and] remains open and pending."  Defs.' Supp. Br. 6.  Defendants explained that the fact that a *related*, military law-enforcement proceeding — the military investigation and court-martial of Chelsea Manning — had proceeded to the

3

appellate stage did not change defendants' reliance on Exemption 7(A) to protect the civilian, criminal investigation (and prospective prosecution) being undertaken by DOJ and FBI. All three defendant-components confirmed that "no materials can be released at this time without jeopardizing the DOJ's pending or prospective civilian enforcement proceedings, for the reasons discussed in the declarations submitted in connection with defendant's motion for summary judgment." Defs.' Supp. Br. 9 (citing declarations).

In response, EPIC's supplemental opposition-brief focuses on two groups of events that have transpired during the past year which EPIC contends are relevant: (1) "Developments Related to Wikileaks and Wikileaks Supporters," and (2) "Revelations Regarding Previously Secret [NSA] Law Enforcement Collection Methods." Pl.'s Supp. Br. 5, 8. With respect to the first group of events — developments related to Wikileaks — defendants have already addressed these developments and have explained why Exemption 7(A) continues to apply. *See* Defs.' Supp. Br. 7-10.[1] EPIC wrongly contends that *Citizens for Responsibility & Ethics in Washington v. U.S. Department of Justice*, No. 12-5223, 2014 WL 1284811 (D.C. Cir. Apr. 1, 2014) requires a different conclusion. The FOIA request in that case specifically sought material related to the FBI's and DOJ's investigation of a named person, Tom Delay. The Court held that Exemption 7(A) could not continue to provide blanket protection over certain records after the Department of Justice had decided, and announced, that it would not bring criminal charges against Mr. Delay. The Court of Appeals found that the government's "vague" reference to peripheral "related" investigations did not establish with certainty "whether a criminal

---

[1] Plaintiff also describes the "public release" of "several documents" that plaintiff contends are responsive to EPIC's FOIA request. Plaintiff does not explain why it thinks that any released documents were in defendants' possession and responsive to the requests at issue. Plaintiff names two individuals, Smari McCarthy and Herbert Snorrason, but these two individuals were not among the list of names previously provided by EPIC to the Criminal Division when EPIC clarified the scope of its request. *See* Dkt. 12-4 at 76-77.

investigation in fact continues to this day." *Id.* at *10. Here, on the other hand, defendants have been very clear that main, multi-subject, criminal investigation of the DOJ and FBI remains open and pending. The fact that a related military investigation may have proceeded to the appellate stage does not undercut the need to withhold law enforcement records related to this civilian investigation.[2]

As to the second group of events identified by plaintiff — revelations related to the National Security Agency's practices — plaintiff has failed to explain its relevance. The FOIA requests here were submitted to three DOJ components — FBI, CRM, and NSD — and the records at issue in this case relate to a DOJ and FBI investigation, not an NSA intelligence collection program. Moreover, plaintiff cannot rely on leaked materials and public reports as if they were official governmental disclosures. *See, e.g.*, *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990) (distinguishing between information that is "publicly available" and information that is "officially acknowledged"). These events do not undermine the current applicability of Exemption 7(A) to the records at issue.

## CONCLUSION

For the reasons stated above, and those stated in defendants' earlier briefing on summary judgment, the Court should grant defendants' summary judgment motion, and should enter final judgment for defendants.

Dated: May 19, 2014                               Respectfully submitted,

                                                  STUART F. DELERY
                                                  Assistant Attorney General

                                                  ELIZABETH J. SHAPIRO
                                                  Deputy Branch Director

---

[2] And, as defendants have previously explained, Exemption 7(A) may continue to apply even when a law enforcement proceeding reaches the appellate stage. *See* Defs.' Supp. Br. 9.

/s/ Lisa Zeidner Marcus
LISA ZEIDNER MARCUS
Trial Attorney
(N.Y. Bar Registration No. 4461679)

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-3336
Fax: (202) 616-8470
Email: lisa.marcus@usdoj.gov

Counsel for Defendants