UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE CRIMINAL DIVISION, et al.,<br><br>    Defendant. | Civil Action No. 12-00127 (BJR)<br><br>MEMORANDUM ORDER |

Before the Court is Defendants' Motion for Leave to File *Ex Parte* and *In Camera* Exhibits Concerning Withholding of Investigative Records.

In June 2011, Plaintiff Electronic Privacy Information Center ("EPIC") sent Freedom of Information Act ("FOIA") requests to Defendants—the Criminal Division of the Department of Justice, the Federal Bureau of Investigation, and the National Security Division of the Department of Justice. Compl. ¶¶ 30, 31, 32. EPIC requested records relating to the Government's surveillance and investigation of Wikileaks supporters. *Id*. ¶ 33. In response, the Criminal Division and the National Security Division declined to disclose any documents, citing various FOIA exemptions, and the Federal Bureau of Investigations told EPIC that a search of its database did not reveal any responsive main file records. *Id*. ¶¶ 42, 45, 49. EPIC then filed administrative appeals with each Defendant. *Id*. ¶¶ 52, 55, 58. Defendants failed to respond to EPIC's administration appeals within twenty days. *Id*. ¶¶ 54, 57, 63. This suit followed.

Defendants filed a Motion for Summary Judgment in January 2013. In their motion for summary judgment, Defendants claim the requested documents are protected by Exemptions 1,

3, 5, 6, 7(A), 7(C), 7(D), 7(E), and 7(F).[1]  Attached to their motion for summary judgment, Defendants submitted three declarations on the public record, which do not identify the exact statute relied on for Exemption 3 protection and withhold additional information.  Defendants also filed three *ex parte* declarations, of which they seek *in camera* review.  Defendants contend that *in camera* review of these declarations is proper because public disclosure of the declarations would expose records of an ongoing investigation and thereby jeopardize interests protected by FOIA.  Mot. at 2.  Plaintiff argues that the *in camera* review that Defendants seek would allow them to withhold identification of the exact statute they rely on for Exemption 3 protection.  Pl. Opp'n at 5.  Additionally, Plaintiff claims that Defendants' motion lacks adequate support and is only justified by vague, boilerplate statements.  *Id.* at 9.

It is well-established that courts under this circumstance may examine *ex parte*, *in camera* declarations.  *E.g.*, *Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984) (noting that the D.C. Circuit "ha[s] permitted such *in camera* affidavits in national security cases, and has stated that the use of such affidavits is at the discretion of the trial court." (internal citation omitted)); *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1385 (D.C. Cir. 1979) (same); *Am. Civil Liberties Union of Mich.*, 734 F.3d 460, 469–72 (6th Cir. 2013) (explaining the FBI's standard practice of offering an *in camera*, *ex parte* declaration when a plaintiff challenges the possible use of an exclusion, as well as citing cases that approve of such an approach); *Light v. U.S. Dep't of Justice*, 968 F. Supp. 2d 11, 30 (D.D.C. 2013) (relying on an *ex parte*, *in camera* declaration to resolve the plaintiff's claim that the defendants inappropriately used an exclusion); *Mobley v. CIA*, 924 F. Supp. 2d 24, 72 (D.D.C. 2013) (same).

---

[1] Exemption 3 allows the withholding of information "specifically exempted from disclosure by statute." 5 U.S.C. § 552 (b)(3).

Before resorting to *in camera* review, though, the Court should "require the agency to create as full of a public record as possible, concerning the nature of the documents and the justification for nondisclosure," *Hayden*, 608 F.2d at 1383, because initially requiring public disclosure "enhance[s] the adversary process," *id.* at 1385.  Still, when "some of the interests of the adversary process are outweighed by the nation's legitimate interest in secrecy," the Court may inspect documents *in camera.  Id.*

Here, Defendants have filed public versions of the challenged declarations, "creat[ing] as full of a public record as possible." *Hayden*, 608 F.2d at 1383.  Moreover, Defendants explain that further public disclosure of the declarations would expose the very information the agencies seek to protect.  In balancing the interests of the adversary process, which this Court weighs heavily, with the nation's legitimate interest in secrecy, the Court concludes that Defendants should be granted leave to file the declarations *ex parte* and *in camera*.

NOW THEREFORE, the Court **GRANTS** Defendants' Motion for Leave to File *Ex Parte* and *In Camera* Exhibits.

DATED this 29th day of July, 2014.

*[signature: Barbara J. Rothstein]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE